José VEGA–FIGUEROA, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 02–1119(SEC).

United States District Court,
D. Puerto Rico.

April 4, 2002.

José A. Vega–Figueroa, Atlanta, GA, pro
se.

Jorge E. Vega Pacheco, Assistant U.S. At-
torney, San Juan, P.R., for Defendant.

## ORDER

ARENAS, United States Magistrate
Judge.

This matter is before the court on motion
under 28 U.S.C. § 2255 filed by petitioner
José Vega–Figueroa on January 16, 2002.
(Docket No. 1.) On January 25, 2002, United
States District Judge Salvador E. Casellas
granted petitioner sixty (60) days to amend
his filing. (Docket No. 667.) This court on
February 20, 2002 then ordered the United
States to reply to petitioner's section 2255
motion. (Docket No. 3.) On March 21, 2002,
the United States filed a reply in opposition.
(Docket No. 4.)

In reply, the United States contends that
petitioner's claims are so abbreviated and
devoid of legal argumentation that they
should be dismissed. Indeed, "issues ad-
verted to in a perfunctory manner, unaccom-
panied by some effort at developed argu-
mentation, are deemed waived." *Trenkler v.
United States,* 268 F.3d 16, 26 (1st Cir.2001)
(quoting *United States v. Zannino,* 895 F.2d
1, 17 (1st Cir.1990)); *see also Pratt v. Unit-
ed States,* 129 F.3d 54, 62 (1st Cir.1997) ("ar-
guments not advanced and developed in an
appellant's brief are deemed waived"), *cert.
denied,* 523 U.S. 1123, 118 S.Ct. 1807, 140
L.Ed.2d 945 (1998).

Petitioner's original 28 U.S.C. § 2255 peti-
tion was a "placeholder" motion. As peti-
tioner explained, the petition was holding a
place for a more detailed and amplified mo-
tion to amend to be filed later. Petitioner
also stated that no new claims would be
raised in the motion to amend but that
amendments would merely clarify those ex-
isting in the present petition.

Federal Rule of Civil Procedure 15(a)
states "[a] party may amend . . . [a] pleading
once . . . before a responsive pleading is
served . . . . Otherwise a party may amend
. . . only by leave of court . . . ." Fed.R.Civ.P.
15(a). Federal Rule of Civil Procedure 15(a)
generally applies to section 2255 proceedings.
*Tavares v. United States,* ⸺ F.Supp.2d
⸺, ⸺, 2001 WL 1681861, at *6 (D.Mass.
Aug. 2, 2001); *United States v. Barrett,* 178
F.3d 34, 45 (1st Cir.1999), *cert. denied,* 528
U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110
(2000). Moreover, Federal Rule of Civil Pro-
cedure 15(c)(2) states "[a]n amendment of a
pleading relates back . . . when the claim . . .
asserted . . . arose out of the conduct, trans-
action, or occurrence set forth . . . in the
original pleading[.]" Fed.R.Civ.P. 15(c)(2).

Petitioner cites *United States v. Thomas,*
221 F.3d 430 (3rd Cir.2000), as authority for
filing a "placeholder" motion. In this opin-
ion, the Third Circuit Court of Appeals held
"that Rule 15(c)(2) applies to § 2255 petitions
insofar as a District Court may, in its discre-

tion, permit an amendment to a petition to provide factual clarification or amplification after the expiration of the one-year period of limitations, as long as the petition itself was timely filed and the petitioner does not seek to add an entirely new claim or new theory of relief." *Id.* at 436.

The court's distinction between new and relating back amendments to a section 2255 petition is true within the First Circuit as well. *Christopher v. United States*, 146 F.Supp.2d 146, 151 (D.R.I.2001); *Berthoff v. United States*, 140 F.Supp.2d 50, 60–61 (D.Mass.2001) (holding because plaintiff's *Apprendi* claim differs in its underlying factual bases in both time and type, it does not relate back to his original claim). Yet in trying to strike a balance between the liberal Federal Rules of Civil Procedure and section 2255 statute of limitations enacted by Congress, the circuit courts have taken a slightly more exacting review when assessing whether amended claims relate back to their original. The general rule is that petitioner's amended claims must relate back to the original claim more substantially and particularly than merely arising from the same trial or sentence proceedings.[1]

Petitioner finds himself presently residing in a procedural imbroglio. Because this court ordered a reply to petitioner's motion and the United States filed one, petitioner cannot amend his brief without leave of court. Moreover, because petitioner's timely filed motion was predicated on a "placeholder" theory, his future motion to amend will contain the essential crux of his legal arguments and claims.

Therefore, petitioner is granted thirty (30) days to amend his complaint. The amendments are to be strictly limited in scope and substance to the twelve (12) averred in the original section 2255 motion. Federal Rule of Civil Procedure 15(c)(2) remains the cornerstone from which to adjudicate the fidelity of petitioner's future amended claims to the 12 claims contained in the original motion.

SO ORDERED.

---

**1.** *"Compare [United States] v. Thomas*, 221 F.3d [430,] 436 (3rd Cir.2000) (Rule 15(c) allows habeas amendment to relate back as long as it does not add 'entirely new claim'), *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir.2000) (holding that amendment did not relate back because ineffective assistance of counsel claims did not arise out of 'same set of facts'), *cert. denied*, [532 U.S. 907, 121 S.Ct. 1232, 149 L.Ed.2d 141] (2001), *United States v. Pittman*, 209 F.3d 314, 317–18 (4th Cir.2000) (holding that claims did not relate back because they involved separate occurrences of 'both time and type'), *and United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir.1999) (holding that amendment did not relate back because ineffective assistance of counsel claims did not arise out of 'same set of facts' and involved separate occurrences of 'both time and type'), *with Williams v. Vaughn*, 3 F.Supp.2d 567, 570–71 (E.D.Pa.1998) (stating without further reason that amendment related back because it arose from same occurrence— namely the same trial and sentencing phases)." *Berthoff v. United States*, 140 F.Supp.2d at 60 n. 16.