Fernando VARGAS ALICEA,
et al., Plaintiffs

v.

CONSORTIUM OF MAYAGUEZ/LAS
MARIAS, Municipality of Mayaguez,
et al., Defendants

No. CIV. 04–1688(JP).

United States District Court,
D. Puerto Rico.

March 16, 2005.

Israel Roldán–Gonzalez, Esq., Aguadilla, PR, for Plaintiff.

Edelmiro A. Salas González, Esq., Vanessa Vicens, Esq., Gonzalez Muñoz Law Office, San Juan, PR, for Defendant.

## *OPINION AND ORDER*

PIERAS, District Judge.

### I. *INTRODUCTION*

The Court has before it co-Defendant Municipality of Mayaguez's "Motion for Summary Judgment and Memorandum of Law in Support Thereof," **(docket No. 23)** and "Statement of Uncontested Material Facts" (docket No. 24) in support thereof, which motions are joined by co-Defendant Consortium of Mayaguez, and official capacity co-Defendants Elena Martínez, Nereida Román and Juan Mejías, all of whom have also filed "Co–Defendant Consortium's Reply Statement of Material Facts" (docket No. 29), as well as several motions to dismiss, the arguments therein adopted in the summary judgment motion. Also before the Court are Plaintiffs' "Opposition to Defendant Municipality of Mayaguez's Motion for Summary Judgment and Memorandum of Law in Support Thereof and of Motion Joining Co–Defendant's Motion" (docket No. 26) and "Opposition Statement of Defendants' Statement of Uncontested Material Facts," as well as co-Defendant Consortium of Mayaguez's "Reply Motion" **(docket No. 31)**.

Plaintiff Juan Fernando Vargas Segarra ("Vargas Segarra") is a minor residing in Mayaguez who suffers from muscular dystrophy. He alleges that in 2003, he applied for a job with the Youth Activities Program Summer Camp organized by co-Defendant Consortium of Mayaguez/Las Marías, a work-experience program created by the Consortium under the Workforce Investment Act, in which participants gain sixty hours of job-related experiences. Plaintiff Vargas–Segarra alleges that he was denied an opportunity to participate in the program due to Defendants' discrimination towards him on account of his physical disabilities.

For the reasons herein stated, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' "Motion for Summary Judgment" **(docket No. 23)**.

### II. *LEGAL STANDARD*

Under Rule 56© of the Federal Rules of Civil Procedure, summary judgment is appropriate where, after drawing all reason-

able inferences in favor of the non-moving party, there is no genuine issue of material fact for trial. *See Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993). A fact is material if it might affect the outcome of the case. *Mack v. Great Atl. and Pac. Tea Co., Inc.*, 871 F.2d 179, 181 (1st Cir.1989). An issue is "genuine" if sufficient evidence exists to permit a reasonable trier of fact to resolve the issue in the non-moving party's favor. *See Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 24 (1st Cir.1989).

The party filing a motion for summary judgment bears the initial burden of proof to show "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to show affirmatively, through the filing of supporting affidavits or otherwise, that a genuine issue exists for trial. *See Goldman v. First National Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir.1993). In discharging this burden, the non-moving party may not rest upon mere allegations or denials of the pleadings. *See* Fed. R.Civ.P. 56(e). On issues where the non-moving party bears the ultimate burden of proof, it must present definite, competent evidence to rebut the evidence put forth by the moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–257, 106 S.Ct. 2505, 2514–2515, 91 L.Ed.2d 202 (1986). Indeed, summary judgment may be appropriate " ... where elusive concepts such as motive or intent are at issue ... if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Woods v. Friction Materials, Inc.*, 30 F.3d 255, 259 (1st Cir.1994).

## III. *FINDINGS OF FACT*

After thoroughly evaluating the facts not in controversy presented by the parties and the record as a whole, the Court makes the following findings of fact.

1. The Consortium of Mayagüez/Las Marías (hereafter, "the Consortium") offers a yearly program titled "Summer Activities of the Youth Program."

2. This program is held during the months of June and July, and consists of appointing qualified candidates to summer job openings or job training seminars, within the private and public sector.

3. The appointment of the applicants to this program is done according to space availability and to the individual skills and interests of each applicant.

4. Annually, the program begins its advertisement to the general public during the month of March.

5. At this point, application forms are handed out to potential participants between the qualified age group, which is between the ages of 14 and 21.

6. When the application form is handed out, a specific interview date and time is given to the interested applicant to meet with an official from the Consortium.

7. At the interview the applicant must return the form duly filled out and signed, and then he or she is briefly interviewed regarding the applicants' interests, skills and abilities, and other related areas.

8. During this interview, the applicants are also provided with an opportunity to learn more about the program.

9. After the applicants are interviewed, their application forms are evaluated along with all other eligibility criteria that is required to participate in this program.

10. If they meet these requirements and there is a job opening or training seminar available within their interest and skills area, then they are informed of their admittance to the program and of their

assigned employment location or job training seminar.

11. When an applicant is not appointed to an employment or job training seminar, the application form is kept within the records of the Consortium for a period of one year from the date it was received.

12. After that, the same is discarded and no copies are kept within the archives of the Consortium.

13. The only documents related to the application process of the Summer Activities of the Youth Program that are kept within the records of the Consortium for more than a year are the Distribution Sheets of the Envelopes of the Youth Program Activities and the technicians' Envelope Processing Sheets of the Youth Program.

14. On March 1st, 2003, Plaintiff Vargas Segarra received an application form to participate in the Summer Activities of the Youth Program of the Consortium.

15. On that day, he was scheduled for an interview at the Consortium on April 8, 2003, at 10:40 a.m.

16. On April 8, 2003, Plaintiff Vargas Segarra was the third applicant to be interviewed by Sol Colón de Vega, Youth Program Counseling Technician of the Consortium for the Summer Activities program of that year.

17. During the year 2003 no other application was sent out to Plaintiff Vargas Segarra, nor submitted by him to the Consortium for the Summer Activities of the Youth Program of that year.

## IV. ANALYSIS

### A. ADA and Rehabilitation Act Statute of Limitations

Defendants argue that Plaintiffs' ADA and Rehabilitation Act claims are time-barred under the relevant statute of limitations, and that as such, the Court should dismiss said claims for lack of subject matter jurisdiction.

 Defendants claim that this action is time-barred by the statute of limitations. Neither Title II of the ADA nor the Rehabilitation Act establish a limitations period, and accordingly it is appropriate to adopt the limitation period of the most analogous state statute. *Downs v. Mass. Bay Transp. Auth.*, 13 F.Supp.2d 130, 136 (D.Mass.1998) (same) (hereinafter *Downs*). When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law, as long as it is not inconsistent with federal law or policy. *Wilson v. Garcia*, 471 U.S. 261, 266–267, 105 S.Ct. 1938, 1942–1943, 85 L.Ed.2d 254 (1985); *see also Nieves–Marquez v. Puerto Rico*, 353 F.3d 108 (1st Cir.2003), *citing Wilson v. Garcia*, 471 U.S. 261, 267, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1055–56 (8th Cir.2003) (ADA and Rehabilitation Act); *Downs, supra* at 136. Many courts have characterized claims brought under the ADA as personal injury claims. *Id.; see also, e.g., Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980 (5th Cir.1992); *Doukas v. Metropolitan Life Ins. Co.*, 882 F.Supp. 1197 (D.N.H.1995). The statute of limitations for personal injury cases under Sec. 1802 of the Civil Code of Puerto Rico is one year. 31 P.R. Laws Ann §§ 5141–5142. Therefore, the one-year period specified by Sec. 1802 becomes the applicable statute of limitations to the filing of this action.

 On March 1st, 2003, Plaintiff Vargas Segarra received an application form to participate in the Summer Activities of the Youth Program of the Consortium. On that day, he was scheduled for an

interview at the Consortium on April 8, 2003, at 10:40 a.m. On April 8, 2003, Plaintiff Vargas Segarra was the third applicant to be interviewed by Sol Colón de Vega, Youth Program Counseling Technician of the Consortium for the Summer Activities program of that year. Plaintiffs, in the Complaint, allege that Plaintiff Vargas Segarra was called on July 8, 2003 and told to report to the Office of the Consortium of Mayaguez–Las Marías on July 9, 2003, in order to sign a work contract. It was at this July 9, 2003 meeting that Plaintiffs allege the discriminatory conduct occurred. Plaintiffs allege that co-Defendants Elena Martínez, Nereida Román, and Juan Mejías questioned Plaintiff Vargas Segarra extensively about his physical impairment and recommended that he look into summer camps catering specifically to physically impaired persons. Plaintiffs' *Complaint* at 5. Defendants allege that the July 8, 2003 phone call and the July 9, 2003 meeting never took place, and have provided sworn statements under penalty or perjury to that effect. Plaintiffs have provided sworn statements under penalty or perjury stating that the July incidents did in fact take place. Defendants argue that the only contact Plaintiff Vargas Segarra had with Defendants took place when he picked up his job application on March 1, 2003, and during the April 8, 2003 job interview; starting from that assumption, Defendants claim that the one-year period specified statute of limitations applied to the ADA and Rehabilitation began on April 8, 2003, and that, as such, the filing of the complaint on July 8, 2004 is time-barred.

These facts are in controversy and therefore can not form the basis for the granting of the summary judgment prayed for by Defendants. Therefore, Defendants' argument that Plaintiffs' claims under the ADA and the Rehabilitation Act are time-barred are inapposite, and summary judgment on these grounds is hereby **DENIED.**

### B. Section 1981

Defendants also argue that Plaintiffs have failed to state a claim under 42 U.S.C. § 1981. The Court agrees.

Section 1981 of the 1871 Civil Rights Act provides that:

(a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(C) Protection against impairment. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

As is plain to see from the text of the statute, § 1981 is a provision designed to protect against race-based discrimination. Both the Supreme Court and the First Circuit have interpreted it as such. *See Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *see also Alexis v. McDonald's Rest. of Mass. Inc.,* 67 F.3d 341, 346–347 (1st Cir.1995) ("Section 1981 proscribes intentional discrimination based on race," *citing General Bldg.*

*Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982); *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 17 (1st Cir.1989)).

It has been clearly established by the First Circuit that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *Trenkler v. United States,* 268 F.3d 16, 26 (1st Cir.2001) (hereinafter *Trenkler*) (*citing United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990)). *See also Vega–Figueroa v. United States,* 206 F.R.D. 524 (D.Puerto Rico 2002). Nowhere in the Complaint nor the record are any allegations of racial discrimination made. As such, the Court hereby **GRANTS** Defendants' motion for summary judgment on Plaintiffs' § 1981 claims and **DISMISSES WITH PREJUDICE** Plaintiffs' § 1981 claims.

### C. Title VI and Title VII of the Civil Rights Act of 1964

Plaintiffs in this matter have also brought claims under Title VI and Title VII of the Civil Rights Act of 1964. As they did with Plaintiffs' § 1981 claims, Defendants argue that Plaintiffs have failed to state a claim under these two statutes. The Court agrees with Defendants and quickly dispenses with these claims.

Title VI of the Civil Rights act holds that

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 42 U.S.C. § 2000d.

Similarly, Title VII of the Civil Rights act holds that it shall be an unlawful employment practice for an employer to

fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2.

As the Court stated above, issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *See Trenkler,* 268 F.3d at 26, *supra.* Nowhere in the Complaint nor the record are any allegations of discrimination based on race, religion, gender, or national origin made. The only allegations of discrimination in this lawsuit are based on Plaintiff Vargas Segarra's physical disability, and the appropriate federal statutory mechanisms for adjudicating those claims are the ADA and the Rehabilitation Act. As such, the Court hereby **GRANTS** Defendants' motion for summary judgment on Plaintiffs' Title VI and Title VII claims and **DISMISSES WITH PREJUDICE** Plaintiffs' Title VI and Title VII claims.

### V. *CONCLUSION*

For the above-stated reasons, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' "Motion for Summary Judgment" (docket No. 23). Plaintiffs' claims under Title VI and Title VII of the Civil Rights Act of 1964, as well as their claims under § 1981, are hereby **DISMISSED WITH PREJUDICE**. Plaintiffs' ADA and Rehabilitation Act claims remain before the Court.

**IT IS SO ORDERED.**