**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2664

FERNANDO VARGAS ALICEA ET AL.,

Plaintiffs, Appellants,

v.

CONSORTIUM MAYAGÜEZ/LAS MARIAS ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

Before

Boudin, Chief Judge,
Selya and Lynch, Circuit Judges.

Israel Roldán González for appellants.
Edelmiro Salas González for appellee Consortium Mayagüez/Las Marías.
Vanesa Vicéns Sánchez, with whom Juan Rafael González Muñoz and González Muñoz & Vicéns Sánchez were on brief, for remaining appellees.

March 24, 2006

**Per Curiam**.  In this case, the primary plaintiff, a disabled youth, charges the defendants (all public entities or officials) with disability discrimination.[1]  After a lengthy period of pretrial discovery, the district court wrote a thoughtful rescript granting the defendants' motion for summary judgment. Vargas Alicea v. Consortium Mayaguez/Las Marias, 360 F. Supp. 2d 367 (D.P.R. 2005).  This appeal followed.

We have stated before, and today reaffirm, that when a trial court accurately takes the measure of a case, applies the appropriate legal rules, and articulates a convincing rationale, "an appellate court should refrain from writing at length to no other end than to hear its own words resonate."  Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996).  We frequently have followed this admonition in suitable instances, see, e.g., Cruz-Ramos v. P.R. Sun Oil Co., 202 F.3d 381, 383 (1st Cir. 2000); Ayala v. Union de Tronquistas, Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Capital Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993), and the case at hand fits neatly within that integument.  Consequently, we affirm the judgment below for substantially the reasons set forth in the lower court's well-crafted opinion.

---

[1]The claims of the remaining plaintiffs are purely derivative and need not be analyzed separately.

We add only that the central question here is not, as the plaintiffs assume, who was responsible for obtaining the waiver needed to satisfy the Government Ethics Office. The question, rather, is whether there is sufficient evidence that either the waiver requirement or the failure to procure the waiver was attributable to disability discrimination. On this record, that question must be answered in the negative.

We need go no further. Having perused the briefs, entertained oral argument, and carefully canvassed the record, we, like the district court, find no significantly probative evidence sufficient to create a genuine issue of material fact on the question of discriminatory animus. Accordingly, the defendants were, as the district court ruled, entitled to judgment as a matter of law.

**Affirmed**. **No** **Costs**.