# United States Court of Appeals
## For the First Circuit

No. 01-1012

JULIO RAMIREZ-BURGOS,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, Senior U.S. District Judge]

Before

Lynch, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

James M. Fox for appellant.
Thomas F. Klumper, Assistant United States Attorney, with whom
H. S. Garcia, United States Attorney, and Jorge E. Vega-Pacheco,
Assistant United States Attorney, were on brief for appellee.

December 10, 2002

**STAHL, <u>Senior Circuit Judge</u>.**  A jury convicted petitioner Julio Ramirez-Burgos of aiding and abetting two carjackings in violation of 18 U.S.C. § 2 and § 2119, and of using a weapon during the commission of a violent crime in violation of 18 U.S.C. § 924(c).  Although Count One of the superseding indictment charged Ramirez with violating 18 U.S.C. § 2119(2), the trial court did not instruct the jury to determine whether the victim of the carjacking suffered serious bodily injury as a result of the carjacking.  Ramirez appeals the district court's denial of his § 2255 petition, in which he claimed that his sentence must be vacated because the Supreme Court's ruling in <u>Jones</u> v. <u>United States</u>, 526 U.S. 227 (1999), requires that the jury determine the element of serious bodily injury.  We affirm.

## I.

We review this case for the fourth time.[1]  In 1995 a federal grand jury indicted Ramirez and Daniel Montañez-Rosa[2] on two counts of aiding and abetting each other in two carjackings, 18 U.S.C. §§ 2 and 2119, and on one count of using a firearm during the commission of a violent crime, 18 U.S.C. § 924(c).  The

---

[1]The factual details of the two carjackings and rape are set forth in <u>United States</u> v. <u>Ramirez-Burgos</u>, No. 96-1298, 1997 WL 268695 (1st Cir. May 21, 1997).

[2]Montañez pled guilty before trial and cooperated with the prosecution.

-2-

defendants were charged under the 1992 version of 18 U.S.C. §

2119[3], which provided, in relevant part:

> Whoever, possessing a firearm as defined in
> section 921 of this title, takes a motor
> vehicle . . . [from] another by force and
> violence or by intimidation, or attempts to do
> so, shall--
> (1) be fined . . . or imprisoned not more than
> 15 years or both
> (2) if serious bodily injury (as defined in
> section 1365 of this title) results, be fined
> under this title or imprisoned not more than
> 25 years, or both. . . .

> \* \* \* \*

As is apparent from the text of the statute, the default maximum

sentence for a carjacking is fifteen years, id. § 2119(1), but if

the carjacking results in "serious bodily injury," the maximum

statutory penalty is increased to twenty-five years, id. § 2119(2).

Count One charged Ramirez and Montañez with aiding and

abetting each other in taking, while armed, a motor vehicle from

Nancy Rosado-Santiago

> by force, violence or intimidation, to wit: by
> forcing her to remain in the car, at gunpoint,
> and forcibly assaulting her sexually,
> resulting in serious bodily injury, as defined
> in [18 U.S.C.] section 1365, namely bodily
> injury which involves a substantial risk of

---

[3]In 1994, Congress amended the statute, substituting "with the intent to cause death or serious bodily harm" for "possessing a firearm as defined in [18 U.S.C.] section 921." In Holloway v. United States, 526 U.S. 1 (1999), where the Supreme Court considered intent to commit bodily injury, it interpreted the later version of the statute. As Ramirez's habeas petition does not present any independent claim that the jury had to find intent, Holloway is not relevant to our analysis here.

> death and extreme physical pain. All in violation of 18 United States Code, Sections 2119(2) and 2.

The trial court read the entire indictment to the jury, including the above-quoted language. Despite that reading, the court did not instruct the jury under § 2119(2). Rather, its instruction referred solely to the elements set forth in the first paragraph of § 2119. The court, however, did provide the jury for its deliberation a copy of the superseding indictment, which included Count One, quoted above. Trial counsel did not object to the jury instructions as given.[4]

The jury returned a verdict of guilty on all three counts. The trial evidence showed that, before relinquishing control over Rosado and her vehicle, one of the carjackers forced her to undress and then raped her. In both written exceptions filed in response to the Pre-Sentence Investigative Report and at

---

[4]Indeed, in support of a motion in limine seeking to exclude all references to the sexual assault of Rosado, Ramirez argued that serious bodily injury was a sentencing factor and not an element of the offense. In a written order entered on June 15, 1995, the district court denied Ramirez's motion on the ground that sexual assault "constituted part of the element of the offense for which defendant was charged in Count I of the Indictment."

At the time of Ramirez's convictions, this Court had not yet decided whether serious bodily injury was an element or a sentencing factor of § 2119(2). Ramirez's jury verdict was rendered on June 21, 1995. Shortly thereafter but before his sentencing, this Court held that serious bodily injury was a sentencing factor, not an element of the offense, on October 12, 1995. See United States v. Rivera-Gomez, 67 F.3d 993, 1000 (1st Cir. 1995), overruled by Jones v. United States, 526 U.S. 227 (1999).

the sentencing hearing, Ramirez objected to a recommended four-point enhancement for serious bodily injury, under U.S.S.G. § 2B3.1(B)(3), being applied to his conviction for the carjacking of Rosado.  He claimed that there was insufficient evidence to support a finding of serious bodily injury to support the enhancement.  However, he did not argue that the maximum available sentence for the carjacking of Rosado was fifteen years because of the failure to instruct the jury to determine, beyond a reasonable doubt, that Rosado suffered serious bodily injury.

The district court flatly rejected Ramirez's objection, noting that the jury had found Ramirez guilty under § 2119(2).  He then determined that there was sufficient evidence of serious bodily injury to enhance Ramirez's sentence by four points under U.S.S.G. § 2B3.1(B)(3).  In the end, the court sentenced Ramirez to a term of 360 months as to Counts One and Two, to be served concurrently, and 60 months as to Count Three, to be served consecutively to Counts One and Two.

Ramirez, pro se, appealed his convictions and sentence. But he assigned no error to the court's jury instructions, nor did he claim that he was deprived of due process or of his right to jury trial because no "serious bodily injury" instruction was provided to the jury.  In fact, relying on our decision in United States v. Rivera-Gomez, 67 F.3d 993, 1000 (1st Cir. 1995), Ramirez challenged the denial of his motion in limine on the ground, inter

*alia*, that serious bodily injury was a sentencing factor. We affirmed his convictions, but vacated his sentence and remanded for resentencing because the sentence imposed by the district court exceeded the maximum sentence available under the statute. United States v. Ramirez-Burgos, No. 96-1298, 1997 WL 268695 (1st Cir. May 21, 1997); see also 18 U.S.C. § 2119(2) (providing for a term of 300 months for carjacking that results in serious bodily injury). On remand, the district court resentenced Ramirez to 300 months as to Count One, but erroneously entered an identical concurrent 300-month term for Count Two, which lacked serious bodily injury and thus had a statutory maximum of fifteen years under § 2119(1). Ramirez again appealed, this time with appointed counsel, who raised a number of objections to the convictions and sentence.[5] Moreover, appointed counsel did not raise the claim now raised in the § 2255 petition.

On March 24, 1999, one day after the filing of Ramirez's reply brief, the Supreme Court decided Jones v. United States, 526 U.S. 227 (1999). In Jones, the Supreme Court held that subsections (1)-(3) of § 2119 are "three separate offenses . . . [with]

---

[5]We declined to review the newly brought challenges to his convictions as they were outside the scope of the issues made relevant by the intervening appellate decision and remand. United States v. Ramirez-Burgos, No. 98-1995, 1999 WL 525916, at *3-4 (1st Cir. May 18, 1999) (citing United States v. Ticchiarelli, 171 F.3d 24, 30-33 (1st Cir. 1999) (holding that under law-of-the-case doctrine, when resentencing after a remand, district court should consider only new arguments or new facts made newly-relevant by the intervening decision of the court of appeals)).

distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict." Id. at 251-52. Ramirez did not raise the Jones issue at trial, nor during the pendency of the second appeal, in a supplemental brief or a 28j letter.

Two months after the Jones decision and without reference to it, we vacated Ramirez's sentence as to Count Two, on the ground that it exceeded the statutory maximum of fifteen years under 18 U.S.C. § 2119(1). United States v. Ramirez-Burgos, No. 98-1995, 1999 WL 525916 (1st Cir. May 18, 1999).

**II.**

On May 24, 2000, seeking to take advantage of the Jones decision, Ramirez brought a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. He argued that the district court should vacate his sentence because the jury did not determine beyond a reasonable doubt whether Rosado suffered serious bodily injury. In the alternative, he alleged that his appellate counsel's failure to advise this Court of the Jones decision on his second appeal amounted to ineffective assistance of counsel. The district court denied his petition.

We granted a certificate of appealability, 28 U.S.C. § 2253(c), as to (1) whether appellate counsel's failure to advise this Court of the Jones decision constituted ineffective assistance of counsel, (2) whether Ramirez's prior default of the Jones issue

-7-

barred him from raising it for the first time on collateral review, and (3) whether Jones entitles him to relief.

## III.

For Ramirez to prevail on his ineffective assistance of counsel claim, he must establish (1) that, by failing to advise this Court of the Jones decision, his appellate counsel's performance "fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors," he would have prevailed on his Jones claim on his second appeal. Strickland v. Washington, 466 U.S. 688, 686-88 (1984); see also Murray v. Carrier, 477 U.S. 478, 485 (1986) (holding that the Strickland standard applies to trial and appellate counsel). We find it unnecessary to determine whether Ramirez's appellate counsel was unreasonable in failing to raise a Jones claim, for even if we assume that he was, his claim would have failed under Strickland's second prong.

Because Ramirez failed to object to the jury instructions or otherwise raise a Jones-type claim at trial, we would not have granted relief on his second appeal unless Ramirez established that the Jones error was plain under Fed. R. Crim. P. 52(b). See United States v. Perez-Montañez, 202 F.3d 434, 441-43 (1st Cir. 2000) (holding that, on direct appeal, plain error review applies where the Jones argument was not preserved at trial); cf. United States v. Cotton, ___ U.S. ___, 122 S. Ct. 1781, 1785 (2002) (holding that

-8-

a defendant's failure to object to Apprendi[6] error at trial engenders plain error review on direct appeal); Neder v. United States, 527 U.S. 1, 15 (1999) (holding that "the omission of an element [in a jury instruction] is an error that is subject to harmless-error analysis."). "Under that test, before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" Johnson v. United States, 520 U.S. 461, 466-67 (1997) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). If these conditions are met, we may then exercise our discretion to correct the error, "but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. at 467 (internal quotation marks omitted) (quoting Olano, 507 U.S. at 732).

We quickly dispose of the first two prongs of the test. Jones applies to Ramirez's case retroactively as his case was still on direct review at the time it was decided. Perez-Montañez, 202 F.3d at 442 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)). Accordingly, the trial court's failure to instruct the jury to determine the element of whether the carjacking resulted in serious bodily injury was "error." See Jones, 526 U.S. at 251-252;

---

[6]In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Perez-Montañez, 202 F.3d at 441-42. And because Jones was decided at the time of appellate consideration, the error was "plain." See Johnson, 520 U.S. at 468 ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal--it is enough that an error be 'plain' at the time of appellate consideration.").

Our third inquiry is whether the error "affect[ed] [Ramirez's] substantial rights." An error affects substantial rights if it was "prejudicial," meaning that the error "must have affected the outcome of the district court proceedings." Olano, 507 U.S. at 734; see also Perez-Montañez, 202 F.3d at 442. In making this inquiry, we do not "'become in effect a second jury to determine whether the defendant is guilty.'" Neder, 527 U.S. at 19 (quoting R. Traynor, The Riddle of Harmless Error 50 (1970)). Rather, "we must determine 'whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.'" United States v. Benjamin, 252 F.3d 1, 9 (1st Cir. 2001) (quoting Neder, 527 U.S. at 19); United States v. Baldyga, 233 F.3d 674, 682 (1st Cir. 2000) (same). This inquiry is substantially similar to the standard applied in harmless error analysis, except that the petitioner, not the government, "bears the burden of persuasion with respect to prejudice." Olano, 507 U.S. at 734; see also Perez-Montañez, 202 F.3d at 442.

In providing for an enhanced penalty in 18 U.S.C. § 2119(2), Congress intended that defendants involved in carjackings that include serious bodily injury should receive more severe punishment than those defendants involved in carjackings that do not include serious bodily injury. The issue for the jury, therefore, is whether the carjacking <u>resulted</u> in serious bodily injury. It is undisputed that Rosado was raped during the commission of the carjacking; indeed, Ramirez conceded this fact at oral argument.[7] And not surprisingly, Ramirez agreed at oral argument that Rosado suffered serious bodily injury as a result of being raped by one of the carjackers. Thus, the question immediately before us is whether Rosado's serious bodily injury-- the rape--resulted from the carjacking.

We are not in uncharted territory. In <u>United States</u> v. <u>Vazquez-Rivera</u>, 135 F.3d 172, 178 (1st Cir. 1998), we analyzed what type of injuries "result" from a carjacking for purposes of 18 U.S.C. § 2119(2). We explained that

> the choice of the word "results" in the statutory phrase "if serious bodily injury . . . results" suggests that Congress intended to cover a fairly broad range of consequences flowing from a carjacking. Moreover, the legislative history characterized the

---

[7]Ramirez must concede this point. The jury heard undisputed testimony that, before abandoning Rosado and her vehicle, one of the carjackers forced her to undress and then raped her. Moreover, the jury heard uncontroverted testimony that semen was found on her body and skirt. Ramirez had an opportunity to cross-examine Rosado on this point, but chose not to do so.

-11-

> provision as imposing the enhancement when the carjacking "*involves* bodily injury," which supports the view that the injuries covered are not limited to those resulting from the "taking" of a vehicle, but also include those caused by the carjacker at any point during his or her retention of the vehicle.

Id. (citation omitted). Accordingly, we held that serious bodily injury arising from the rape in that case resulted from the carjacking.[8] Id. We have since reaffirmed our reading of the term "results" as including injuries that were caused by the actions of the carjacker at any time during the commission of the carjacking. See United States v. Lowe, 145 F.3d 45, 53 (1st Cir. 1998).[9]

The jury heard overwhelming and uncontroverted evidence that Rosado was raped during the commission of the carjacking. See Ramirez-Burgos I, 1997 WL 268695, at *1, 4-5. Indeed, in Ramirez's direct appeal, we found that "the rape, like the earlier brandishing of the gun, provided the intimidation by which the carjackers extended their control of the victim and her

---

[8]In 1996, Congress amended § 2119(2) to make clear that the definition of "serious bodily injury" includes sexual abuse, as defined in 18 U.S.C. §§ 2241 and 2242, that occurs during the course of the carjacking. See Carjacking Correction Act of 1996, Pub. L. 104-217, 110 Stat. 3020; H.R. Rep. No. 104-787 (1996), reprinted in 1996 U.S.C.C.A.N. 3409 ("[The amendment to § 2119(2)] is intended to make clear that offenders who commit rape during a carjacking should get the penalty enhancement provided for in the statute.").

[9]We do not here set forth the temporal limits of a carjacking under § 2119. But we reaffirm, without hesitation, that the commission of a carjacking continues at least while the carjacker maintains control over the victim and her car. See Vazquez-Rivera, 135 F.3d at 178.

automobile." Id. at *5. At no time has Ramirez disputed that Rosado's serious bodily injury occurred during the commission of the carjacking. Nor does he do so now. In sum, Ramirez has failed to point to any facts--and our independent review of the entire record has found none--that suggest that the jury rationally could have reached a different conclusion.

Faced with the unavoidable conclusion that the rape resulted from the carjacking, at oral argument, Ramirez maintained that he suffered prejudice because the jury did not determine the identity of the rapist. According to his theory--one that was not raised at trial, sentencing, direct appeal, in his § 2255 petition, or in his briefs for this appeal--only the rapist, not the other carjacker, can be held criminally responsible for the serious bodily injury because the rape was not included in the purpose of the joint venture--the carjacking of Rosado--and, in any case, the rape occurred after the joint venture ended.

Ramirez's arguments raise the interesting question of the scope of aider and abettor liability under the carjacking statute. After all, not only was Ramirez charged and convicted as a principal, but he was also charged and convicted as an aider and abettor under 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). The case

law is remarkably silent on the question of the scope of aider and abettor liability in this situation.

Although intriguing, the issue need not detain us for two reasons. First, the question of the scope of aider and abettor liability is beyond the scope of this appeal. The only issue before us is whether the failure to instruct the jury to determine the element of serious bodily injury affected the trial court proceedings. Had the error not occurred, the trial court would have instructed the jury to determine, in addition to the other elements of the offense, only whether Rosado suffered serious bodily injury as a result of the carjacking. There is nothing in Jones or § 2119(2) that requires the trial court to instruct the jury to determine the identity of the person who actually caused the serious bodily injury. The identity of the rapist is simply immaterial to answering this question.

Second, even if the identity of the rapist is material, we reach the same result because the jury verdict necessarily included a finding that Ramirez was the rapist. The trial evidence showed that there were only two carjackers--the number of carjackers has never been in dispute. Given that there were only two carjackers, Ramirez and Montañez, if one is excluded as the rapist, the other necessarily is the rapist. After taking over Rosado's car, the two carjackers drove around searching for a second victim. One carjacker drove Rosado's car while the other

-14-

sat in the backseat.  Spotting Kassandra Rivera-Boujoven, the driver rammed Rosado's car into Rivera's car.  The driver then exited Rosado's car, got into Rivera's car, and drove away, leaving the only other carjacker with Rosado.  The other carjacker, who remained in the backseat of Rosado's car, moved to the driver's seat, and drove Rosado to a secluded location.  Once there, he ordered her to undress, and then raped her.  After raping Rosado, the second carjacker left Rosado and climbed into the backseat of Rivera's car.  The two men, with Rivera in the passenger seat, drove off, stopped to consume drugs, and ultimately crashed into a mango tree.  Ramirez was found in the backseat of Rivera's car, trying to escape.[10]

The trial evidence was overwhelming and uncontroverted that Montañez was the first carjacker, the carjacker who exited Rosado's car, and the <u>only</u> driver of Rivera's vehicle, leaving the second carjacker as the one who ultimately raped Rosado.[11]  That

---

[10]At trial, Ramirez maintained that he did not participate in either of the two carjackings.  According to his defense theory, the second carjacker, the one who raped Rosado and jumped in the backseat of Rivera's car, exited Rivera's car at a housing project.  Shortly thereafter, Ramirez got into the backseat of Rivera's car to shoot up drugs with Montañez.  At closing argument, his trial counsel explained that "by chance, luck, or coincidence," Ramirez had unwittingly switched places with the second carjacker--the rapist.  The jury cearly rejected Ramirez's mere coincidence argument, and found him guilty of both carjackings.

[11]In closing argument, Ramirez's trial counsel acknowledged that Montañez was the driver of Rosado's car who exited and took over Rivera's.  Moreover, Rivera specifically identified Montañez as the <u>only</u> driver of her car, and Ramirez himself testified that

only leaves Ramirez, the second carjacker, as the rapist.  By convicting Ramirez for both carjackings, the jury necessarily found that Ramirez was the second carjacker, who remained in Rosado's car after Montañez exited, and who ultimately raped Rosado.  No other reading of the facts and verdict is possible.  In any event, the record does not contain evidence that would allow a rational jury to reach a contrary finding.  The jury's determination that Ramirez was the rapist is not surprising given the overwhelming evidence presented at trial, including the positive identification by Rosado that Ramirez was the rapist and corroborating testimony provided by Rivera.  See Ramirez-Burgos I, 1997 WL 268695, at *3-5.  In short, we conclude that the jury verdict necessarily would have been the same had the trial court asked the jury to determine whether the carjacking resulted in serious bodily injury.

Finally, even were we to pass over the question of whether the error affected Ramirez's substantial rights, we would still affirm because Ramirez's claim fails under the fourth prong of plain error review.  In Johnson, the Supreme Court held that, where the trial court fails to submit an element of an offense to the jury, if the evidence of the omitted element is "overwhelming" and "essentially uncontroverted," there is "no basis for concluding

---

Montañez was the driver of Rivera's car.  Finally, Rosado testified that after Ramirez raped her, she watched him get into the backseat of Rivera's car.  There is no dispute that Montañez was not the rapist.

that the error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'"  520 U.S. at 470.

Here, Ramirez concedes that Rosado suffered serious bodily injury as a result of the rape.  And as we explained, the overwhelming and uncontroverted evidence at trial showed that the rape resulted from the carjacking for purposes of § 2119(2).  Furthermore, the jury's finding of guilt for the carjacking of both Rosado and Rivera necessarily included a finding that Ramirez was the rapist.  There is no other rational way of reading the trial evidence and verdict.  Thus, the failure of the district court to submit the element of serious bodily injury to the jury was simply inconsequential to Ramirez's conviction or the sentence he ultimately received.  In sum, we find that the trial error, although plain, did not seriously affect the fairness, integrity, or public reputation of judicial proceedings.[12]

---

[12]By deciding that Ramirez would have been unable to establish plain error on direct review and thus cannot establish that his appellate counsel was ineffective under the second prong of Strickland, we need not discuss whether Ramirez has shown actual prejudice sufficient to excuse his procedural default of the Jones claim.  See Bousley v. United States, 523 U.S. 614, 622 (1997) (holding that in order to excuse a procedural default, a petitioner must demonstrate either cause for failing to raise the claim and actual prejudice, or actual innocence).  Given that the actual prejudice standard is more demanding than that for plain error and that Ramirez is unable to satisfy the plain error standard, he fails, a fortiori, to satisfy the actual prejudice standard to excuse his default.  See United States v. Frady, 456 U.S. 152, 166 (1982) (holding that the actual prejudice standard on collateral review presents a "significantly higher hurdle" than plain error review).  Ramirez has made no claim of actual innocence.

Having found that there is no reasonable probability that the second appeal panel would have found plain error had appellate counsel raised <u>Jones</u> and complained about the jury instructions, we hold that Ramirez has failed to establish prejudice under <u>Strickland</u>'s second prong.

## IV.

It is beyond question that Ramirez was properly convicted of and sentenced for a carjacking that resulted in serious bodily injury. The decision of the district court is **affirmed**.