# United States Court of Appeals

## For the First Circuit

No. 05-1702

UNITED STATES OF AMERICA,
Appellee,

v.

EDUARDO COLON-NALES,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Lafitte, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya, Circuit Judge,
and Saris,[*] District Judge.

Raymond L. Sanchez Maceira, Assistant Federal Public
Defender, for appellant.
Nelson J. Perez-Sosa, Assistant United States Attorney, with
whom H. S. Garcia, United States Attorney, was on brief, for
appellee.

September 19, 2006

[*] Of the District of Massachusetts, sitting by designation.

**SARIS, District Judge.**

## I. INTRODUCTION

Defendant-appellant Eduardo Colon-Nales appeals his conviction following a guilty plea to a charge of carjacking with intent to cause serious bodily harm in violation of 18 U.S.C. § 2119(2). At the sentencing hearing, the district court judge found, beyond a reasonable doubt, that Colon-Nales caused serious bodily harm to the victim by raping her, and sentenced him to twenty-five years in prison and five years of supervised release, the maximum under the statute. Appellant argues that, under Jones v. United States, 526 U.S. 227, 236, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999), serious bodily harm is an element of the offense that must be either admitted to or proven beyond a reasonable doubt to a jury. Because Colon-Nales failed to object to this procedure below, we review for plain error. We affirm the conviction and sentence.

## II. BACKGROUND

On October 8, 2003, a grand jury returned a one-count indictment charging that Colon-Nales committed a carjacking with the intent to cause serious bodily harm that resulted in serious bodily harm, to wit, rape, in violation of 18 U.S.C. § 2119(2). Although Colon-Nales initially pleaded not guilty to the charge, he eventually decided to plead guilty, and the court scheduled a change-of-plea hearing on what was to be the first day of trial,

-2-

September 27, 2004.  Prior to the change-of-plea hearing, Colon-Nales signed a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B) in which he acknowledged that the maximum penalty was twenty-five years of incarceration, and that the actual penalty he would receive would be determined by the court.  The plea agreement contained a preliminary calculation of Colon-Nales's sentence under the Sentencing Guidelines, which concluded that, depending on whether the appropriate criminal history category was I or II, the guidelines sentence would be between 108 and 151 months.  The plea agreement's preliminary guidelines calculation included a four-level enhancement due to the victim's sustaining serious bodily injury, to wit rape, pursuant to U.S.S.G. § 2B3.1(b)(3)(B). Appellant agreed to waive all rights under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), as well as "any right to have facts that determine his offense level under the Guidelines (including facts that support any specific offense characteristics or other enhancement or adjustment) alleged in an indictment and found by a jury beyond a reasonable doubt."

Colon-Nales also signed a statement of facts which accompanied the plea agreement, in which he admitted the following facts.  On August 4, 2003, in Santurce, Puerto Rico, Colon-Nales approached the victim as she was getting into her car to go to work.  He threatened her at knife-point and ordered her into the rear of the vehicle.  Colon-Nales then drove to a secluded area in

-3-

the El Verde area of Rio Grande, where he demanded the victim's wristwatch and her ATM and credit cards. Colon-Nales demanded the victim's PIN numbers, and she gave him the PIN for her ATM card, which he wrote down on one of her checks. She could not remember the PIN number for her credit card. Colon-Nales then joined the victim in the backseat of the car, took two condoms out of his pocket, and began to kiss her. Putting on one of the condoms, he raped her. After that, Colon-Nales drove to an RG Bank ATM, where he attempted unsuccessfully to withdraw money from her account. He then drove to a First Bank ATM where he successfully withdrew $500 from the victim's account. Colon-Nales then drove the victim to somewhere in Carolina, Puerto Rico, where he exited the vehicle, released the victim from the backseat, hugged her, asked her forgiveness, and walked away. The statement of facts further states that after Colon-Nales was out of sight, the victim approached a Puerto Rican police cruiser and reported the offense, after which she was taken to a hospital for treatment.

The change-of-plea hearing was held as scheduled on September 27, 2004. At the hearing, the judge advised Colon-Nales of his rights, and confirmed that the court had discretion to impose any sentence up to the maximum allowed under the statute. The court also confirmed the provision in the plea agreement in which Colon-Nales waived all appeals, including appeal of any fact

alleged in the indictment or enhancing his sentence.[1]  At first, when asked directly, Colon-Nales agreed that he had raped the victim.  The court then asked the government to indicate the evidence it would offer at trial.  In response, the prosecutor recited the above-listed facts and stated that she would prove them through "witnesses, documentary evidence, videotaped and other evidence."  The judge then asked Colon-Nales if he agreed with these facts.  When Colon-Nales indicated that he did not agree, the judge responded, "If you're not in agreement, then I can't accept your plea, and we'll have to go to trial."  Interjecting, defense counsel explained that while Colon-Nales disputed that he raped the victim, "he did agree to enter the plea based on the fact that it was either that, or trial, which he did not want to go to." Defense counsel added that Colon-Nales admitted carjacking at knife-point, but that he steadfastly denied committing the rape and that there was no physical evidence corroborating the rape.[2]

After an off-the-record discussion at sidebar, the following colloquy occurred:

---

[1] Again, appellant waived all rights under <u>Blakely</u> v. <u>Washington</u>, including the right to have specific offense characteristics, enhancements or adjustments alleged in the indictment determined by a jury beyond a reasonable doubt.

[2] At oral argument before us, counsel for the government indicated that there was some physical evidence against the defendant in the form of blood in the backseat of the car and hairs.  This evidence was not presented to the court below during the plea colloquy or sentencing.

THE COURT: So you agree – addressing myself to the defendant, you agree to all the stipulated facts but for the rape?

THE DEFENDANT: Correct.

THE COURT: Do you also deny kissing her?

THE DEFENDANT: Correct.

THE COURT: Fine. So you didn't kiss her, you didn't use a condom, you did not have sex with her?

THE DEFENDANT: That's correct.

THE COURT: Fine. But you admit the rest; that you used a knife, you carjacked and held the victim and drove through all other places, and also using the ATM card to get money.

THE DEFENDANT: Correct.

THE COURT: You admit everything but the rape?

THE DEFENDANT: Correct.

THE COURT: So what I'm going to do is I'm going to have a hearing at sentencing, and then I will have to decide whether you raped this woman or not, because I have to do the findings by a preponderance of the evidence pursuant to this Plea Agreement.

THE DEFENDANT: Correct.

THE COURT: Very well. I'm going to accept the Plea Agreement, subject to this hearing at sentence.

The Court finds that your decision to plead guilty has been knowingly, intelligent [sic], voluntarily and solemnly made, and that you have had the advice and counsel of a competent and experienced attorney with whom you say orally and in writing you're satisfied with the way he has been representing you.

And since you've been held competent to plead now, and since you have been explained the maximum possible punishment and also the Sentencing Guidelines as to how they may apply to your case, and finally, since you acknowledge the prosecutor's version of the facts, other than the rape, I shall accept your guilty plea and enter

a judgment of guilty on count one of the indictment.

THE DEFENDANT: Correct.

THE COURT: Let the record show I find there is a factual predicate for the Change of Plea, for the guilty plea.

The proceeding was then adjourned. Defense counsel made no objection to the procedure proposed by the court.[3]

Colon-Nales then returned for sentencing on April 1, 2005.[4] The government called the victim to the stand. She identified the defendant and testified extensively about the carjacking, and added the following pertinent details to the statement of facts accompanying the plea agreement. To begin, after she was ordered to the backseat by Colon-Nales, he engaged the car's child locks, trapping her in the car. When Colon-Nales started to kiss her, he kept the knife in his hand despite her pleas that he drop it. The victim also testified that after raping her, Colon-Nales threatened to kill her if she attempted to escape

---

[3] The defendant also objected to the government's valuation of the car which was the subject of the carjacking but agreed that the court could make the determination of its value at the sentencing as well. That issue is not on appeal.

[4] Prior to the sentencing, Colon-Nales wrote a letter to the court complaining about his attorney, asking for new counsel and seeking to withdraw the plea. Defense counsel, an assistant federal defender, moved to withdraw, and the court denied the motion. At a hearing on January 11, 2005, the court noted that numerous identical complaints had come from defendants held at the same prison as Colon-Nales. The court then found that there was no misconduct on the part of defense counsel and that there was no valid reason for withdrawal of the plea. Defendant has not appealed any of these decisions.

while he was withdrawing money at the ATM. Defense counsel cross-examined the victim about certain minor inconsistencies between her testimony and prior statements, but did not otherwise impeach her. Despite having a full opportunity to do so, neither the government nor the defense offered any further evidence. No forensic evidence was introduced.

At the close of the evidence, the court stated, "The Court finds that the defendant did willingly, knowingly, voluntarily and maliciously engage in these activities and that he did rape the victim. There's no doubt in my mind that what the witness testified, the victim, was absolutely the truth." The court also noted that the victim corroborated all of the facts in the statement of facts the defendant previously signed. The court continued, "So, I find without a shadow of a doubt, not even by a preponderance of the evidence, but proof beyond a reasonable doubt, that this defendant raped this victim. Not only that, it was done with aforethought and malice." Clearly proceeding under the mistaken impression that the rape was a sentencing enhancement, defense counsel noted that the defendant had denied committing the rape all along, but did not object to the court's procedure or its ultimate finding.

Based on the defendant's higher than originally anticipated criminal history category, and the court's conclusion that the defendant had refused to accept responsibility for the

-8-

crime, the court calculated the actual sentencing guidelines range to be from 292 to 365 months.[5] Noting the defendant's extensive criminal history and the egregiousness of the crime, the court sentenced Colon-Nales to the statutory maximum of 300 months in prison and five years of supervised release. The court imposed no fine, but ordered that Colon-Nales pay $3,287.88 in restitution and a $100 special assessment. Judgment entered on April 4, 2005.

Colon-Nales now argues on appeal that the district court committed reversible error by deciding at the sentencing hearing whether the rape occurred rather than submitting the question to a jury.

## III.  STANDARD OF REVIEW

Federal Rule of Criminal Procedure 52(b) provides, "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."  Under this rule, a court of appeals has "a limited power to correct errors that were forfeited because not timely raised in district court." United States v. Olano, 507 U.S. 725, 731, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993).  Under this court's longstanding precedent, plain error is an extremely difficult standard to meet. See United States v. Moran, 393 F.3d 1, 13 (1st Cir. 2004) (stating that "plain error review tends to afford relief to appellants only for

---

[5]Defendant does not contest the methodology of calculating the guidelines.

'blockbuster' errors" (quoting United States v. Griffin, 818 F.2d 97, 100 (1st Cir. 1987)); see also United States v. Garcia-Torres, 341 F.3d 61, 66 (1st Cir. 2003) (stating that the plain error standard "is notoriously difficult to meet").

Under the plain error standard, the appellant bears the burden of showing that the trial court committed an error, that the error was "plain," and that the error affected the substantial rights of the appellant. United States v. DeCicco, 439 F.3d 36, 44-45 (1st Cir. 2006) (citing Olano, 507 U.S. at 732). However, even if the appellant satisfies the first three steps of plain error review, we are not required to correct the error; rather, we should do so only when the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 735-36 (internal citation and quotation marks omitted). As we recently stated, our power to reverse "should be employed sparingly to correct grave or consequential errors – those that 'seriously affect the fundamental fairness and basic integrity of the proceedings conducted below.'" United States v. Padilla, 415 F.3d 211, 221 (1st Cir. 2005) (en banc) (quoting Griffin, 818 F.2d at 100).

At oral argument, appellant argued that review should be under the harmless error standard because he objected to the

enhancement for rape.[6]  While this is true, Colon-Nales explicitly agreed to the procedure the court outlined at the change-of-plea hearing.  Defense counsel never objected to the court's decision to determine himself at sentencing whether the rape occurred, either at the plea colloquy or at the sentencing hearing seven months later.  Rather, it is clear that all parties labored under the erroneous assumption that the court's finding with respect to the rape was a sentence enhancement to be determined at the sentencing hearing and endorsed that procedure.  As such, Colon-Nales's objection to this procedure was raised for the first time on appeal and is reviewable only for plain error.

## IV.  DISCUSSION

Both parties agree that the district court committed error, and that the error was "plain."  The tripartite carjacking statute, 18 U.S.C. § 2119, reads as follows:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall-
>
> (1) be fined under this title or imprisoned not more than 15 years, or both,
>
> (2) if serious bodily injury (as defined in section 1365 of this title, including any conduct that . . . would

---

[6] In his brief, he suggested perfunctorily that the review should be "de novo,"  citing United States v. DeLuca, 137 F.3d 24, 39 n. 17 (1st Cir. 1998) (holding that sentencing guideline interpretations are reviewed de novo).  Appellant, however, abandoned that position at oral argument.

-11-

violate section 2241 or 2242 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

The Supreme Court ruled in Jones v. United States, 526 U.S. 227, 252, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999), that the three subsections of the statute define "three separate offenses by the specification of distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury." Id. See also United States v. Perez-Montanez, 202 F.3d 434, 441 (1st Cir. 2000). Therefore, the government must prove that serious bodily harm resulted as an element of the offense. Under sections 2241 and 2242, cross-referenced in the statute, "serious bodily harm" includes rape committed during a carjacking. See also Ramirez-Burgos v. United States, 313 F.3d 23, 30 n.8 (1st Cir. 2002) (noting that "Congress amended § 2119(2) to make clear that the definition of 'serious bodily harm' includes sexual abuse, as defined in 18 U.S.C. §§ 2241 and 2242 that occurs during the course of the carjacking."). As such, for the district court to find at the sentencing hearing that the rape occurred, albeit beyond a reasonable doubt, was error. See id. at 29 (finding trial court's failure to instruct the jury to determine the element of whether carjacking resulted in serious bodily injury was error).

Based on the same line of precedent, the error was also

-12-

"plain." Under step two of Olano, the error must be "obvious" or "clear under current law." 507 U.S. at 734. Here, the district court's error was clear. The Supreme Court had decided Jones nearly five years before the change-of-plea hearing, and its rule is unequivocal. Even though all the parties seemed to believe the rape was a sentencing enhancement, to do so was plainly erroneous. Ramirez-Burgos, 313 F.3d at 29 (finding Jones error "plain").

Although the district court committed a plain error, this does not end the analysis. The error must also "affect substantial rights," meaning "in most cases . . . the error must have been prejudicial: It must have affected the outcome of the district court proceedings." Olano, 507 U.S. at 734. "In other words, the proponent – the party asserting plain error – must show 'a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different.'" Padilla, 415 F.3d at 221 (quoting United States v. Dominguez-Benitez, 542 U.S. 74, 81-82, 124 S. Ct. 2333, 159 L. Ed. 2d 157 (2004)); see also United States v. O'Brien, 435 F.3d 36, 40 (1st Cir. 2006) ("Under Olano, it is enough to sustain the conviction that the result would quite likely have been the same" despite the errors). In Olano, the Supreme Court did "not decide whether the phrase "affecting substantial rights" is always synonymous with "prejudicial" and acknowledged there may be a "special category of forfeited errors that can be corrected regardless of their effect on the outcome."

-13-

507 U.S. at 735.

Prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), we held that a Jones error is not in the "special category of forfeited errors that can be corrected regardless of their effect on the outcome, as structural errors were described by the Supreme Court." Sustache-Rivera v. United States, 221 F.3d 8, 17 (1st Cir. 2000) (citing Olano, 507 U.S. at 734); see also Perez-Montanez, 202 F.3d at 442 (holding that defendants failed to make a convincing showing of prejudice or miscarriage of justice under third and fourth prongs of plain error standard involving a Jones error). See generally Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 1833-37, 144 L.Ed.2d 35 (1999) (holding that the omission of a single element of a criminal offense from a jury instruction is not structural error). Thus, under our precedent, treating an element as a sentencing enhancement has not been considered structural error. See also United States v. Savarese, 385 F.3d 15, 21 (1st Cir. 2004) (declining to reverse based on a claimed Apprendi error under the fourth requirement of the plain error test).

The Supreme Court recently addressed this issue in Washington v. Recuenco, 126 S. Ct. 2546, 2553, 165 L. Ed. 2d 466 (2006), stating that "only in rare cases" is an error structural, requiring automatic reversal. Instead, it held: "Failure to submit a sentencing factor to the jury, like failure to submit an element

-14-

to the jury, is not structural error." <u>Id</u>. at 253. <u>See</u> <u>also</u> <u>United States</u> v. <u>Cotton</u>, 535 U.S. 625, 631, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002) (declining to reverse based on erroneous failure to allege drug quantity in the indictment, which increased statutory maximum sentence by ten years, under the fourth requirement in the plain error standard). Thus, the judicial fact-finding of the rape in violation of <u>Jones</u> is not a structural error which obviates the requirement that defendant demonstrate prejudice.

In this case, Colon-Nales has not shown a reasonable probability that but for the error, the outcome would have been different. <u>Padilla</u>, 415 F.3d at 221. To begin, the evidence against Colon-Nales was very strong, so strong in fact, that the trial judge found that he had committed the rape beyond a reasonable doubt, and not just by a preponderance of the evidence. At the sentencing hearing, the victim corroborated each of the facts alleged by the government and added pertinent details (such as the colors of the condoms Colon-Nales wore -- fuchsia and lilac) which added to her credibility. Defense counsel had a full opportunity to question the victim, and the cross-examination failed to cast any doubt on the victim's story in the eyes of the trial judge. Although there was no forensic evidence in the record corroborating the rape, neither was there any forensic evidence inconsistent with the charge of rape. There was also no evidence

of a motive for the victim to fabricate a rape. Nor is there any possibility of a mistaken identification in light of Colon-Nales's concession that he did the carjacking and the amount of time he and the victim spent together. Evidence that the victim made an immediate complaint to the police as soon as Colon-Nales left her further buttressed her credibility. Defendant has not demonstrated that the result would have been different if the matter had been submitted to a jury. See United States v. Escobar-Figueroa, 454 F.3d 40, 52 (1st Cir. 2006) (finding no plain error when defendant failed to provide any alternative evidence contradicting drug amount erroneously found at sentencing); Ramirez-Burgos, 313 F.3d at 30 (affirming carjacking conviction despite judge's failure to instruct on serious bodily harm element because of "overwhelming and uncontroverted evidence that the victim was raped during the commission of the carjacking"); Perez-Montanez, 202 F.3d at 443 (affirming carjacking conviction under 18 U.S.C. § 2119(3) when judge failed to instruct the jury that the carjacking had to result in death because of overwhelming evidence supporting the conviction).

While defendant asked this Court at oral argument to vacate the guilty plea and remand for trial, he has not frontally challenged the validity of his guilty plea on the ground he was not properly informed of the elements of the offense. Such a challenge would, however, be unavailing because Defendant has not proven

there is a reasonable probability that, but for the error, he would not have entered the plea. See Dominguez-Benitez, 542 U.S. at 83. At the change of plea hearing defense counsel informed the trial court of Colon-Nales's intention not to go to trial. Colon-Nales was twice made aware of the maximum penalty for the crime, and was informed that the judge was not bound by the guidelines calculation in the plea agreement. In the face of such strong evidence of rape and carjacking, and with little in the record to undercut the victim's credibility, we cannot say that Defendant has demonstrated "it is reasonably probable he would have gone to trial absent the error." Id. at 85.

Finally, even if we assume that the error affected Appellant's substantial rights, Rule 52(b) permits the court of appeals to order correction but does not require it to do so. Olano, 507 U.S. at 33. Appellant must demonstrate that the error "impugn[ed] the fairness, integrity, or public reputation of the criminal proceeding as a whole." Padilla, 415 F.3d at 221. Treating the serious bodily harm element as a sentencing enhancement is, at least in this case, "not an error of such magnitude or consequence that it would undermine faith in the judicial system were it to stand uncorrected." Id. Given the unchallenged nature of the evidence in this case, the parties' explicit agreement to the procedure followed by the trial judge over a period of seven months, and the trial judge's determination

that a rape occurred beyond a reasonable doubt, this is not a case in which we are persuaded we should exercise our discretion to reverse.

Under these circumstances, the greater threat to the "fairness, integrity and public reputation of judicial proceedings" would be to send this back for trial (the remedy urged by defendant), thereby requiring the carjacking and rape victim to testify twice. We cannot say that affirming the conviction would result in a "miscarriage of justice." Olano, 507 U.S. at 736; see also Cotton, 535 U.S. at 634 (even if omitting drug amount from indictment affected substantial rights, declining to reverse); Johnson v. United States, 520 U.S. 461, 470, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997) (refusing to exercise discretion to reverse conviction despite failure to instruct jury on an element of the offense when evidence supporting the element was "overwhelming" and "essentially uncontroverted").

## V. CONCLUSION

Because the error committed by the district court did not affect the defendant's substantial rights or impair the fairness, integrity or public reputation of the judicial system, the conviction and sentence are **AFFIRMED**.