BOUDIN, Chief Judge,
concurring.
From time to time in the course of plea negotiations, the government and the defendant join together in seeking to shoehorn conduct into an offense less serious than that charged in the indictment. If and when the plea is accepted, the defendant occasionally seeks to have it both ways by later attacking the conviction, asserting that what he did does not constitute the crime of conviction. The.barriers to attacks based on second thoughts are high.
If made in the trial court an attempted withdrawal of a guilty plea requires a “fair and just reason” for withdrawal. Fed. R.Crim.P. 11(d)(2)(B). If, as here, the effort is not made until the appeal, relief is discretionary and the defendant must meet the very stiff Olano standards for plain error: error, plainness, prejudice and something akin to a miscarriage of justice. United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); see also United States v. Mercedes Mercedes, 428 F.3d 355, 359 (1st Cir.2005).
Caraballo-Rodriguez made his anonymous telephone call to the authorities after he may have already engaged in conduct that might have amounted -to aiding in a drug conspiracy. Whether or not the call was made in good faith or was an anchor to windward is unclear. But the defendant was in some peril of being charged and convicted of a crime that could have netted him a long sentence. By the time of his guilty plea, he had already been indicted on multiple counts of conspiring to distribute large amounts of cocaine and on a related firearms charge.
As for the government, it may have wished to reward the defendant’s cooperation in securing convictions against others. Or the prosecutor might have had concern that a jury would give undue weight to the anonymous telephone call as supporting a claim, if made by the defendant, that he had no criminal intent and had merely played along in the conspiracy. And, any case settled by a guilty plea saves government resources for other prosecutions.
The district court held a hearing, described the offense, considered the proffer of evidence, heard the defendant admit *78 guilt and found that there was a reasonable factual basis for the plea. No request to withdraw the plea was made in the district court. On appeal, Caraballo-Rod-riguez says that misprision requires an affirmative act and that plain error occurred because the evidence did not show such an act and the requirement was not fully explained to him.
It turns out that, as the panel opinion shows, the law is fuzzy. This circuit has not precisely defined “concealment” and, even if concealment generally requires an affirmative act of some kind (as may well be the case), just what constitutes such an act in this context is debatable: conceivably, Caraballo-Rodriguez’s half-complete and anonymous telephone call could be regarded as deceptive and affirmatively wrongful. It should not be assumed that we must now resolve such issues as if this were an appeal after a conviction. Under Olano, far more is required for claims advanced for the first time on appeal.
If the government and the defendant had invented a wholly imaginary offense, or the district court had fundamentally mis-described the offense, or if the defendant had offered a factual predicate unrelated to the elements of the crime, letting the plea stand might well “seriously impair[ ] the fairness, integrity, or public reputation of the proceeding.” United States v. Negrón-Narváez, 403 F.3d 33, 37 (1st Cir.2005); see also United States v. Delgado-Hernandez, 420 F.3d 16, 28 (1st Cir.2005).
But misprision of felony is a real crime and the district judge was required to do no more than give the required cautions, describe the crime and determine whether there was a factual basis for the plea. Fed.R.Crim.P. 11(b)(3).[14] This does not mean that the judge had to give final instructions or find that the defendant was guilty of the crime; it is enough that there was a rational basis for the plea. United States v. Cheal, 389 F.3d 35, 41 (1st Cir.2004).
We have previously declined to find plain error where the issue was unsettled in the First Circuit and the law was not crystal clear. See United States v. Diaz, 285 F.3d 92, 97 (1st Cir.2002), and it is hard to say that there was plainly no basis for the plea or that the colloquy was plain error. Nor is it a miscarriage of justice that the defendant — implicated in a serious drug crime — should be convicted by guilty plea for a closely related lesser crime of which he might have been convicted at trial. See United States v. Color-Nales, 464 F.3d 21, 28-29 (1st Cir.2006).
Even in criminal cases the two sides are allowed over a broad range to reach their own accommodations.[15] This serves both sides’ interests or else the agreements would not be reached. And if attempts to back out of such agreements were freely indulged, the agreements would less often be made. As the Supreme Court has ex *79 plained, relief from a guilty plea “will be difficult to get, as it should be.” United States v. Dominguez Benitez, 542 U.S. 74, 83 & n. 9, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

. The district judge described the offense as charged in the information' — concealment of information and the identities of conspirators in communications with federal agents — and defense counsel assured the court that he had reviewed the charges with the defendant. “Where a defendant is represented by competent counsel, the court usually may rely on that counsel’s assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty.” Bradshaw v. Stumpf, 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005).

. In addition to plea agreements, examples include stipulations of fact or of elements of the offense or issues arising in sentencing, Alford (North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)) and nolo contendere pleas, and knowing waivers of possible defenses.