**Julio RAMIREZ–BURGOS, Petitioner**

v.

**UNITED STATES of America, Respondent.**

Civil No. 11–2040(DRD).
Criminal No. 94–078(1)(DRD).

United States District Court,
D. Puerto Rico.

Dec. 23, 2013.

Julio Ramirez–Burgos, Fort Worth, TX, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

### OPINION AND ORDER

DANIEL R. DOMÍNGUEZ, Senior District Judge.

Pending before this Court is a *Motion to Vacate, Set Aside, or Correct Sentence By A Person In Federal* Custody under 28 U.S.C. § 2255 filed by Julio Ramirez–Burgos ("Petitioner") (Docket No. 1), which was opposed by the United States (Docket No. 5) and referred to Magistrate Judge Justo Arenas for a Report and Recommendation (Docket No. 6).

Upon review of Magistrate Judge's Report and Recommendation (Docket No. 8) which is unopposed by Petitioner, the Court hereby **ACCEPTS, ADOPTS** and **INCORPORATES** the Report and Recommendation as outlined below and **DENIES** the Petition.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 24, 1994, Petitioner was indicted (Crim. No. 94–0078, Docket No. 14) on a three count indictment, charging him and another co-defendant in the carjacking of two vehicles (in violation of 18 U.S.C. § 2119(1) and (2)), and a weapons violations during the carjackings (in violation of 18 U.S.C. § 924(c)(1) and (2)). Both acts occurred on February 24, 1994, in Bayamón, Puerto Rico; one of the carjackings involved the sexual assault of the car's

female driver. (See Crim. No. 94–078, Docket No. 179–2).

On March 30, 1994, after the arrest and the initial indictment, Petitioner appeared before Magistrate Judge Justo Arenas and pleaded not guilty to all counts. (Crim. No. 94–078, Docket No. 16). Petitioner moved to dismiss Count Three of the indictment on the basis of a *Blockburger*[1] attack.[2] (Crim. No. 94–078, Docket No. 24). The challenge was rejected by this Court and also, on interlocutory appeal by the Court of Appeals, based on jurisdictional grounds as a "collateral order" exception[3] to the final judgment rule. *United States v. Ramírez–Burgos*, 44 F.3d 17, 18 (1st Cir.1995) (Crim. No. 94–078, Docket Nos. 44, 58).

A superseding indictment was subsequently filed to which Petitioner pleaded not guilty (Crim. No. 94–078, Docket Nos. 82, 85, 90). At trial, Petitioner's testimony was allegedly exculpatory, embracing the theory that he was in the wrong place at the wrong time. *United States v. Ramírez–Burgos*, 114 F.3d 1170 at *2 (1st Cir.1997). Petitioner was convicted on all three superseding charges, all which were related to the two armed carjackings (Crim. No. 94–078, Docket No. 113), and was sentenced to serve two concurrent terms of imprisonment of 360 months as to Counts One and Two; 60 months in Count Three, to be served consecutively with the prison terms of Counts One and Two. The total sentencing was 420 months of imprisonment. Restitution was also ordered paid to both victims (Crim. No. 94–078, Docket Nos. 113, 138).

Petitioner appealed his conviction. (Crim. No. 94–078, Docket No. 139). The conviction was affirmed on appeal on May 21, 1997, but the terms of imprisonment for Count Two were reduced from 300 to 180 months (Crim. No. 94–078, Docket Nos. 154, 155). *United States v. Ramírez–Burgos*, 114 F.3d 1170 at *5–8 (1st Cir. 1997). The Court of Appeals explained that the total permissible sentence for all three counts was 360 months instead of the 420 months initially imposed. *Id.* at *5–8.

Petitioner appealed the corrected sentence on remand challenging the imposition of 300 months on Count Two. On appeal after remand, the Court modified the sentence imposed on Count Two to 180 months, and affirmed as modified. (Crim. No. 94–078, Docket No. 158). *United States v. Ramírez–Burgos*, 181 F.3d 81 (1st Cir.1999).

Petitioner's sentence was corrected on May 21, 1999. (Crim. No. 94–078, Docket No. 158). A term of imprisonment of 300 months was imposed as to Count One; 180 months were imposed as to Count Two, said terms concurrent with each other. As to Count Three, 60 months were imposed, consecutive to the term imposed as to Count One. *Id.*

On May 24, 2000, Plaintiff filed his initial Section 2255 petition ("First 2255 Motion"), attacking the validity of the sentence. (Civ. No. 00–1645, Docket No. 1). A judgment was entered dismissing the petition on October 30, 2000. (Civ. No. 00–1645, Docket No. 8). In the First 2255 Motion, Petitioner alleged ineffective assistance of counsel (as to his attorneys at trial and on appeal) and raised the issue of

---

1. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

2. Petitioner argued double jeopardy alleging that Count Three required the same elements as Counts One and Two.

3. *See Abney v. United States,* 431 U.S. 651, 663, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *United States v. Sorren,* 605 F.2d 1211, 1215 (1st Cir.1979).

"actual innocence." As to his legal representation at trial, the Court found that Petitioner's argument was insufficient as a matter of law in relation to an element of one of the offenses, and that Petitioner also failed to carry his burden under *Strickland v. Washington*,[4] to show that his attorney's performance fell below the wide range of presumed reasonable professional assistance and sound trial strategy. (Civ. No. 00–1645, Docket No. 7). The District Court also rejected Petitioner's attack on his appellate counsel's performance which focused on counsel's not arguing the applicability of *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) on appeal, given the numerous dissimilarities between *Jones* and Petitioner's case. (Civ. No. 00–1645, Docket No. 7 at page 2).

Upon dismissal of the First 2255 Motion, Petitioner filed an application requesting certificate of appealability, which the District Court denied on the ground that Petitioner failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). (Civ. No. 00–1645, Docket Nos. 10, 12). Nonetheless, the District Court granted leave for Petitioner to apply for the certificate of appealability to the Court of Appeals. *Id.* at Docket No. 12. On March 19, 2002, the Court of Appeals granted the certificate of appealability as to the applicability of the *Jones*[5] doctrine. Although the First Circuit found plain error in certain instructions provided to the jury, such errors did not affect Petitioner's substantial rights nor the fairness, integrity, and public reputation of the judicial proceedings. The First Circuit also found that the second prong of the *Strickland* test—prejudice—

was not established. (Civ. No. 00–1645, Docket No. 16). *Ramírez–Burgos v. United States*, 313 F.3d 23 at 32–33 (1st Cir. 2002). On March 12, 2003, the First Court entered judgment, affirming the judgment issued by the District Court, dismissing the First 2255 Motion. (Civ. No. 00–1645, Docket No. 18). Petitioner formally filed a petition for a writ of *certiorari* in the Supreme Court; the same was denied on January 21, 2003. *Ramírez–Burgos v. United States*, 537 U.S. 1167, 123 S.Ct. 981, 154 L.Ed.2d 907 (2003).

Thereafter, Petitioner moved the District Court again for a modification of his sentence under 18 U.S.C. § 3582(c)(2) based upon *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). (Crim. No. 94–078, Docket No. 179). The Court denied the motion on June 10, 2005, finding the statute inapplicable and otherwise finding that it had no jurisdiction to modify the sentence. (Crim. No. 94–078, Docket No. 183). The District Court noted that the sentencing range for the violations for which Petitioner had been sentenced had not been lowered by the Sentencing Commission, and that *Booker* did not apply retroactively, citing *Cirilo–Muñoz v. United States*, 404 F.3d 527, 523–33 (1st Cir.2005), and for the proposition that the guidelines are to be treated as advisory rather than mandatory. (Crim. No. 94–078, Docket No. 183). Petitioner appealed the denial on June 27, 2005. (Crim. No. 94–078, Docket No. 184). The First Circuit entered judgment on February 21, 2006, stating that it agreed with the reasoning of the District Court. The First Circuit also noted that Petitioner was effectively mounting a collateral

---

4. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

5. The Court of Appeals noted in 2002, *Jones* applied to Petitioner's case retroactively as

his case was still on direct review at the time it was decided. *Ramírez–Burgos v. U.S.*, 313 F.3d 23 at 29.

attack on his sentence, but that he lacked permission from the Appellate Court to file a second or successive motion under § 2555 ¶ 8, now 28 U.S.C. § 2255(h)(2). (Crim. No. 94–078, Docket No. 187). Construing the appeal in part as a request for permission to file a second or successive motion under 28 U.S.C. § 2255, the First Circuit denied the request and affirmed the judgment of the District Court. *Id.*

Petitioner filed later another *pro se* motion to modify sentence, pursuant to 18 U.S.C. § 3582(c)(2) on June 25, 2008 (Crim. No. 94–078, Docket No. 188) which was denied on January 29, 2010. (Crim. No. 94–078, Docket No. 194). On September 12, 2011, Petitioner filed a notice of appeal 19 months after the denial of his first motion to modify sentence under 18 U.S.C. § 3582(c)(2). (Crim. No. 94–078, Docket No. 196). The appeal was dismissed on March 12, 2012. (Crim. No. 94–078, Docket No. 202).

Petitioner filed *pro se* a third motion to modify and correct a sentence pursuant to 18 U.S.C. § 3582(c)(2). This third motion was based on Retroactive Guideline Amendment # 599, "Double Counting," which stated that possession of a firearm is the lesser included offense of 18 U.S.C. § 2119(a)(d) as included in Counts One and Two. (Crim. No. 94–078, Docket No. 200). Petitioner alleged that possession of a firearm is an element to carjacking under 18 U.S.C. § 2119(a)(d), citing *Jones v. U.S.,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), *Rita v. U.S.* 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). (Crim. No. 94–078, Docket No. 200). Petitioner also averred a distinction between "possession of a firearm" and "using and carrying a firearm", citing *Bousley v. United States,*

523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) and *Watson v. United States,* 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). *Supra.* On November 19, 2011, the District Court denied the third motion to modify and correct sentence. (Crim. No. 94–078, Docket No. 201). The Court found no legal reasons to grant the motion, considering that Count Three mandates a fixed consecutive term of imprisonment of 60 months. (Crim. No. 94–078, Docket No. 200).

On September 14, 2011, Petitioner filed a writ of habeas corpus for relief in the District Court of Kansas [6] allegedly under the "Savings Clause," invoking jurisdiction under 28 U.S.C. § 2241 and the remedies under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e). *Ramírez–Burgos v.(FNU) Hollingsworth,* (Civ. No. 11–3162–RDR, Docket No. 3 at 2). On October 21, 2011, in a Memorandum Order, the District Court of Kansas dismissed the habeas corpus petition finding no basis to allow Petitioner to proceed under § 2241.

Over 8 years and 6 months after *certiorari* was denied, Petitioner filed *pro se* on October 19, 2011, the instant motion under 28 U.S.C. § 2255 again to vacate, set aside, or correct judgment (the "Second 2255 Motion") (*See* Docket No. 1). The Second 2255 Motion was based on three general grounds: (1) violation of Petitioner's right to due process; (2) ineffective assistance of counsel; and (3) actual and factual innocence (Docket No. 1). Within Petitioner's contention of ineffective assistance of counsel, Petitioner avers that: (a) both prosecution and his trial attorney unlawfully suppressed exculpatory evidence from the jury; and (b) Petitioner received a much longer term of imprisonment than was justified. (*See* Docket No. 1).

---

6. It appears that Petitioner was then imprisoned in United States Penitentiary Leavenworth, located in Leavenworth, Kansas. (Civ. No. 11–2040, Docket No.1 at 13).

The Government filed an opposition to Petitioner's Second 2255 Motion. (Docket No. 5). In their opposition, the government avers that summary dismissal is appropriate because Petitioner's motion is time-barred and constitutes a second successive petition for which approval has not been sought from the Court of Appeals. The Government also alleges that since Petitioner filed an unauthorized second 2255 motion before obtaining authorization from the Court of Appeals, the District Court lacks subject matter jurisdiction to decide the Petition and should transfer it to the Court of Appeals. Further, the Government notes that any reliance on Fed.R.Civ.P. 15(c) is misplaced because the claims included in the Second 2255 Motion do not relate back to the claims of the First 2255 Motion and that allowing them would defeat the purpose of the statute of limitations. Finally, the government notes that the arguments are expressed in a perfunctory manner and are undeveloped, thus warranting dismissal. (Docket No. 5 at 4).

The Court referred the Second 2255 Motion to Magistrate Judge Justo Arenas for a Report and Recommendation ("R & R") (Docket No. 6). Magistrate Judge Arenas entered a R & R determining that the instant 2255 motion constitutes a second or successive 2255 motion. Thus, the Magistrate Judge concluded that this Court lacks subject matter jurisdiction to entertain Petitioner's 2255 motion (Docket No. 8). Notwithstanding reaching this conclusion, the Magistrate Judge made additional conclusions on the merits that lead to the same result: the instant 2255 motion cannot prosper. The additional determinations are highlighted below:

1) Petitioner has not shown his entitlement to relief under § 2255, nor to an evidentiary hearing. Further, it is time barred. Moreover the Court does not have to provide a hearing. *United States v. McGill*, 11 F.3d 223, 226 (1st Cir.1993).

2) Petitioner bears the burden of proof requirement of the two-part *Strickland* test to establish his claim of ineffective assistance of counsel. *Cirilo–Muñoz v. United States*, 404 F.3d at 530.

3) The claims do not relate back for Federal Rule of Civil Procedure 15(c)(1), since it does not apply.

4) Petitioner failed to proffer newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the Petitioner guilty of the offenses.

5) Petitioner's contentions of (a) ineffective counsel, (b) that he had no relation to the crimes and inadvertently became a party to the offense *post hoc*, (c) that the prosecutor and Petitioner's defense attorney conspired to violate his right to Due Process constitute an undeveloped argument that is deemed waived.

6) The Court of Appeals has previously considered all of the plausible issues raised by Petitioner, except for the conspiracy theory,[7] and has decided against them.

Objections to the R & R where due on December 13, 2012. No objection was filed by Petitioner within the time granted by the Court. For such reason, and as

7. Magistrate Judge considered Petitioner's conspiracy theory as only an idea. (*See* Docket No. 8 at 127–28.)

explained below, the Court reviews the R & R only for plain error.

## II. MAGISTRATE'S REPORT AND RECOMMENDATION

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See also* Fed.R.Civ.P. 72(b); D.P.R. Civ. R. 72(a), Local Rules, District of Puerto Rico; and *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Nonetheless, an adversely affected party may contest the Magistrate Judge's Report and Recommendation by filing its objections to the recommendations made. Fed.R.Civ.P. 72(b). In such respect, 28 U.S.C. § 636(b)(1), in pertinent part, provides that:

> [w]ithin fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. **A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.** A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

(Emphasis added).

■ "Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). *See also Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–51 (1st Cir.1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *see also Lewry v. Town of Standish,* 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *see also Keating v. Secretary of H.H.S.,* 848 F.2d 271, 275 (1st Cir.1988); *see also Borden v. Sec. of H.H.S.,* 836 F.2d 4, 6 (1st Cir.1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a de novo review of an argument never raised"); *see also United States v. Valencia,* 792 F.2d 4, 6 (1st Cir.1986); *see also Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980).

■ The Court, in order to accept unopposed portions of the Magistrate Judge's Report and Recommendation, needs only satisfy itself that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n,* 79 F.3d 1415, 1419 (5th Cir.1996) (*en banc*) (extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982) (*en banc*) (appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *see also Nogueras–Cartagena v. United States,* 172 F.Supp.2d 296, 305 (D.P.R.2001) (finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous") (adopting the Advisory Committee note regarding FED. R.CIV. P. 72(b)); *see also Garcia v. I.N.S.,* 733 F.Supp. 1554, 1555 (M.D.Pa.1990)

(finding that "when no objections are filed, the district court need only review the record for plain error").

■ An adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections 'within ten [8] days of being served' with a copy of the order." *United States v. Mercado Pagán,* 286 F.Supp.2d 231, 233 (D.P.R.2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendation to which an objection is made. *See Bonefont–Igaravidez v. International Shipping Corp.,* 659 F.3d 120 (1st Cir.2011); and *Iverson v. City of Boston,* 452 F.3d 94, 98 (1st Cir. 2006). In reviewing objections, this Court need not "consider frivolous, conclusive, or general objections." *Espada–Santiago v. Hospital Episcopal San Lucas,* Civil No. 07–2221, 2009 WL 702350 at *1 (D.P.R. Mar. 11, 2009); *see also Howard v. Secretary of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir.1991) (holding that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object").

In the instant case, Petitioner failed to file an objection to the Report and Recommendation. Consequently, based on the standard explained above, the Court reviews the Report and Recommendation only for "plain error" on the face of the record in order to accept an unopposed R & R.

## III. ANALYSIS AND DISCUSSION

As previously explained, because the Magistrate Judge's R & R is unopposed, this Court needs only ascertain that there is no "plain error" as to the Magistrate Judge's conclusions, in order to adopt the same. After a careful analysis, the Court finds no such "plain error" and agrees with the Magistrate Judge's determinations and conclusions. The Court would have reached the same decision even if the Petitioner had objected to the R & R. Thus, the Court hereby **ACCEPTS, ADOPTS and INCORPORATES** by reference the Magistrate's R & R (Docket No. 8) to the instant *Opinion and Order.*

### A. Successive § 2255 Motion

Section 2255 establishes a stringent set of procedures that a prisoner must follow if he wishes to file a "second or successive" motion to vacate, set aside or correct sentence. *See,* 28 U.S.C. § 2255; *Burton v. Stewart,* 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007). A motion to vacate is "second or successive" if a prior motion to vacate, raising claims regarding the same conviction or sentence, has been decided on the merits. *United States v. Barrett,* 178 F.3d 34 (1st Cir.1999). Matters that were **or could have been decided on appeal** may not be litigated in Section 2255 motions. *Parrilla–Tirado v. U.S.,* 445 F.Supp.2d 199, 202 (2006). A prisoner whose motion under a § 2255 is denied will often file another, sometimes many successive motions. A disposition on the merits of a previous section 2255 motion renders a subsequent application "second or successive." *Sustache–Rivera v. United States,* 221 F.3d 8 (1st Cir.2000).

■ On October 30, 2000, this Court denied Petitioner's First Section 2255 Motion on the merits. (Civ. No. 00–1645, Docket No. 7). A *certiorari* was denied on January 21, 2003. *See Ramírez–Burgos v. United States,* 537 U.S. 1167, 123 S.Ct. 981, 154 L.Ed.2d 907 (2003). The argu-

---

8. Per Local Rule 72(d), parties may object a magistrate judge's report and recommendation within fourteen (14) days after being served with the order.

ments included at Petitioner's two section 2255 motions are identical. Further, Petitioner neither sought, nor received authorization from the First Circuit before filing the instant 2255 Motion seeking to vacate, set aside, or correct his sentence. Furthermore, Petitioner provides no grounds for the Court to conclude that the First Circuit would certify Petitioner's Second 2255 Motion because he "fails to identify any newly discovered evidence, or a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." *Ramos–Ramos v. U.S.*, Civ. No. 09–2270, 2013 WL 1532153, at *2 (D.P.R. Apr. 12, 2013). Therefore, this Court has no authority to consider Petitioner's present 2255 Motion, mandatory dismissal.

The Court agrees with Magistrate Judge Arenas' determination that the instant Petition must be denied because this is an unauthorized second or successive § 2255 motion and, therefore, this Court lacks subject matter jurisdiction to entertain it in the first instance. Thus, the Court shall not examine the merits of Petitioner's allegations.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that there is no plain error in the Magistrate Judge's R & R (Docket No. 8) and hereby **ACCEPTS, ADOPTS,** and **INCORPORATES** by reference the R & R to the instant *Opinion and Order.* Therefore, the Court hereby **DENIES** Petitioner's request for relief pursuant to 28 U.S.C. § 2255 (Docket No. 1). It is further **ORDERED** that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2). Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

*MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON SUCCESSIVE MOTION BROUGHT UNDER 28 U.S.C. § 2255*

JUSTO ARENAS, United States Magistrate Judge.

### I.

### A. PROCEDURAL BACKGROUND: TRIAL LEVEL

Petitioner Julio Ramirez–Burgos was first indicted on March 24, 1994, together with Daniel Montanez–Rosa, in that they aided and abetted each other, while in possession of a firearm, in wilfully, knowingly, and unlawfully taking a motor vehicle, that is, a 1992 Pontiac Sunbird, said vehicle having been transported, shipped or received in interstate or foreign commerce, from the person of Nancy Ivette Rosado Santiago by force, or intimidation, to wit: by forcing her to remain in the car, at gunpoint, and forcibly assaulting her sexually, resulting in serious bodily injury, namely a bodily injury which involves a substantial risk of death and extreme physical pain. All in violation of Title 18, United States Code, Sections 2119(1) and 2.[1] The same defendants were similarly charged in count two in that they aided and abetted each other, while in possession of a firearm, in wilfully, knowingly, and unlawfully taking a motor vehicle, that is, a 1994–door Mitsubishi ES, said vehicle having been transported, shipped or received in interstate or foreign commerce, from the person of Kassandra Rivera Boujouen by force, or intimidation, to wit: by forcing her to remain in the car, at gunpoint. All in violation of Title 18, United States Code,

---

1. The offenses occurred on February 24, 1994 in Bayamón, Puerto Rico.

Sections 2119(1) and 2. (Crim. No. 94–078, Docket Nos. 14, 82.) Count three charged the two with aiding and abetting each other in knowingly, wilfully, intentionally, and unlawfully using a firearm, that is, a Smith & Wesson, model 36, caliber .38 Special revolver with the serial number removed, during and in relation to a crime of violence, for which they may be prosecuted in a court of the United States, to wit: the taking of a motor vehicle which has been shipped, transported or received in interstate or foreign commerce using a firearm. All in violation of Title 18, United States Code, Sections 924(c)(1) and 2. ·

After his arrest and initial indictment, petitioner appeared before me and pleaded not guilty to the charges on March 30, 1994. (Crim. No. 94–078, Docket No. 16.) He moved to dismiss Count Three of the indictment based upon an ill-conceived *Blockburger*[2] attack.[3] (Crim. No. 94–078, Docket No. 24.) Such attack was rejected without fanfare *a quo* and on interlocutory appeal, the latter on jurisdictional grounds based upon the "collateral order" exception[4] to the final judgment rule. *United States v. Ramirez–Burgos*, 44 F.3d 17, 18 (1st Cir.1995). (Crim. No. 94–078, Docket Nos. 44, 58.)

A superceding indictment was filed on June 7, 1995. (Crim. No. 94–078, Docket No. 82.) Petitioner pleaded not guilty to the superceding charges on June 12, 1995. (Crim. No. 94–078, Docket No. 85.) Two days later, the codefendant entered a guilty plea as to Count Two of the indictment. (Crim. No. 94–078, Docket No. 90.)

Petitioner proceeded to trial on June 14, 1995. Petitioner was found guilty by a jury on June 21, 1995, and was sentenced on January 17, 1996 to serve two concurrent terms of imprisonment of 360 months as to Counts One and Two, and 60 months in Count Three, to be served consecutively with the prison terms of counts One and Two. Thus, petitioner received a total of 420 months imprisonment. (Crim. No. 94–078, Docket Nos. 113, 138.) Restitution was also ordered paid to both victims.

## B. PROCEDURAL BACKGROUND: APPELLATE LEVEL

Petitioner filed a notice of appeal from the judgment of conviction on January 17, 1996. (Crim. No. 94–078, Docket No. 139.) The conviction was affirmed on May 21, 1997. (Crim. No. 94–078, Docket No. 154.) *United States v. Ramirez–Burgos*, 114 F.3d 1170, 1997 WL 268695 (1st Cir. May 21, 1997) (unpublished table decision). Nevertheless, the appellate court remanded the case with instructions, since the statutory maximum for the highest count of conviction on the carjackings was 300 months, and the statutory maximum for Count Two was 180 months. It explained that the total permissible sentence for all three counts was 360 months. *Id.* at *5–8.

On remand, the court sentenced petitioner to serve two concurrent terms of imprisonment of 300 months as to Counts One and Two, and 60 months in Count Three, to be served consecutively with Counts One and Two. (Crim. No. 94–078, Docket No. 155.) Petitioner again appealed his sentence. The court of appeals affirmed and modified the sentence since the statutory maximum for Count Two was 180 months and it was clear that the inten-

**2.** *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)

**3.** Petitioner argued jeopardy of sorts because Count III required the same elements as Counts I and II.

**4.** *See Abney v. United States*, 431 U.S. 651, 663, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *United States v. Sorren*, 605 F.2d 1211, 1215 (1st Cir.1979).

tion of the district court was to assure that the defendant received the maximum allowable sentence. (Crim. No. 94–078, Docket No. 158). *United States v. Ramirez–Burgos,* 181 F.3d 81, 1999 WL 525916 (1st Cir. May 18, 1999) (unpublished table decision).

The evidence in the light most favorable to the verdict shows that the two defendants, by prearrangement, and each carrying a revolver, carjacked their first female victim, and forced her to drive with them while they searched for another victim, threatening the first victim's children (who were not present) and her life. *United States v. Ramirez–Burgos,* 1997 WL 268695 at *1. She was forced to lie low in the passenger seat of her car, guns pressed against her. The two men focused on a second victim, rammed that victim's car, and one of the men, petitioner's accomplice, took control of the second victim's car, forcing that victim to lie down on the passenger seat of her car. Both defendants brandished their weapons during this carjacking as well. With two cars in tow, the perpetrators drove to a place where they could sell the jewelry they had stolen from the victims, but on the way, petitioner stopped the first victim's car, forced her to undress, and raped her. *Id.* The victim clearly saw petitioner's face during the rape. Both defendants took off in the Mitsubishi vehicle with the second victim. The odyssey, which included a discussion on how to drug and kill the second victim, a stop to buy drugs, and another stop to buy water to inject the drugs, ended in the crash of the Mitsubishi into a mango tree, after a high speed chase by police. (The first victim, traumatized, hurt and suffering from vaginal bleeding, remained in the Pontiac at the rape site.) Both defendants were arrested at the crash site. Petitioner was found in the back seat of the second victim's car, trying to escape. *Ramirez–Burgos v. United States,* 313 F.3d 23, 31 (1st Cir.2002).

At trial, petitioner's testimony was completely exculpatory, embracing the theory that he was in the wrong place at the wrong time. *United States v. Ramirez–Burgos,* 1997 WL 268695 at *2. He said he had entered the Mitsubishi just before the police chase. The court found the co-defendant's testimony not incredible, and that it was subject to sustained and searching cross-examination. *Id.* at *3. The court also noted that there were contradictions in the victims' testimonies but that there was more than ample reliable identification evidence which sustained a conviction. *Id.* at *4.

## C. MOTION UNDER 28 U.S.C. § 2255

Petitioner filed a motion under 28 U.S.C. § 2255 on May 24, 2000 attacking the validity of the sentence. (Civ. No. 00–1645). In a terse order entered on October 30, 2000, the court denied the motion. The court found that petitioner's argument was insufficient as a matter of law in relation to an element of one of the offenses, and that petitioner also failed to carry his burden under *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) showing his attorney's performance fell below the wide range of presumed reasonable professional assistance and sound trial strategy. (Civ. No. 00–1645, Docket No. 7.) Petitioner also raised the issues of "actual & factual innocence" (Docket No. 1 at 3). The court also rejected petitioner's attack on his appellate counsel's performance which focused on counsel's not arguing the applicability of *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) on appeal, given the numerous dissimilarities between *Jones* and his case. (Civ. No. 00–

1645, Docket No. 7 at 2.) [5] The court denied a request for a certificate of appealability since it found that petitioner had failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c). (Civ. No. 00–1645, Docket No. 12.) It then granted leave for petitioner to apply for the certificate of appealability to the United States Court of Appeals for the First Circuit. *Id.* The court of appeals granted a certificate of appealability revolving around *Jones.* While the court found plain error in certain instructions given to the jury, it determined that one assigned error did not effect petitioner's substantial rights, and that the other assigned error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. It also found that the second prong of the *Strickland* test, that is prejudice, was not established. *Ramirez–Burgos v. United States,* 313 F.3d at 32–33. Petitioner filed a petition for a writ of certiorari in the United States Supreme Court, which petition was denied on January 21, 2003. *Ramirez–Burgos v. United States,* 537 U.S. 1167, 123 S.Ct. 981, 154 L.Ed.2d 907 (2003).

### D. MOTIONS UNDER 18 U.S.C. § 3582(c)(2)

On May 3, 2005, petitioner moved for modification of his sentence under 18 U.S.C. § 3582(c)(2) based upon *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). (Crim. No. 94–078, Docket No. 179.) The court de-

nied the motion on June 10, 2005, finding the statute inapplicable and otherwise finding that it had no jurisdiction to modify the sentence. It noted that the sentencing range for the violations for which petitioner had been sentenced had not been lowered by the Sentencing Commission. It also noted that *Booker* did not apply retroactively, citing *Cirilo–Muñoz v. United States,* 404 F.3d 527, 532–33 (1st Cir.2005). (Crim. No. 94–078, Docket No. 183.) Petitioner appealed the denial. The court of appeals entered judgment on February 21, 2006, basically stating that it agreed with the reasoning of the district court, but also noting that what petitioner was actually doing was mounting a collateral attack on his sentence, and that he did not have permission from the appellate court to file a second or successive motion under 28 U.S.C. § 2255 ¶ 8, now 28 U.S.C. § 2255(h)(2). Construing the appeal in part as a request for permission to file a second or successive motion under 28 U.S.C. § 2255, the court denied the request and affirmed the judgment of the district court. (Crim. No. 94–078, Docket No. 187.) Another motion to modify the sentence was denied on January 29, 2010. (Crim. No. 94–078, Docket No. 194.) Petitioner filed a notice of appeal on September 12, 2011, nineteen months after the denial. (Crim. No. 94–078, Docket No. 196.) The untimely appeal was dismissed by the court of appeals on March 12, 2012. (Crim. No. 94–078, Docket No. 202.) Mandate issued on April 3, 2012. (Crim. No. 94–078, Docket No. 203.)

---

**5.** In *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), the Supreme Court questioned the "constitutionality of enhancing penalties through judicial findings by a preponderance of the evidence." *United States v. Angle,* 230 F.3d 113, 121 (4th Cir.2000); *see Jones v. United States,* 526 U.S. at 243 n. 6, 119 S.Ct. 1215. The court found that 18 U.S.C. § 2119 established three separate offenses by the specification of distinct

elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for a verdict. *Id.* at 251–252, 119 S.Ct. 1215. As the court of appeals noted in 2002, *Jones* applied to petitioner's case retroactively as his case was still on direct review at the time it was decided. *Ramirez–Burgos v. United States,* 313 F.3d at 29.

### E. ·MOTION UNDER 28 U.S.C. § 2255: RELATION BACK THEORY

Petitioner *pro se* filed what appears to be an amended motion under Title ·28 U.S.C. § 2255 on October 19, 2011, which motion bears the following notation above the caption:· "Amended via Fed.R.Civ.P. 15(c)(2) 'Relation Back Theory' ". (Docket No. 1.) [6] One month earlier, on September 14, 2011, petitioner had filed a request for relief in the United States District Court for the District of Kansas [7] under the "Savings Clause", invoking jurisdiction under Title 28 U.S.C. § 2241 remedies under the Prison Litigation Reform Act of 1995, Title 42 U.S.C. § 1997(e) et seq.[8] On October 21, 2011, in a terse memorandum order· in the United States District Court for the District of Kansas, that court dismissed the petition under Title 28 U.S.C. § 2241, finding no basis to allow the same petitioner to proceed under § 2241. *See Julio Ramirez–Burgos v.(FNU) Hollingsworth*, Civil Action No. 11–3162–RDR, Docket No. 3 at 2. ·The court made reference to the current petition and to the previously filed § 2255 petition. *Id.*[9] Because petitioner appears pro se, notwithstanding his extensive pro se experience at three different courts, his pleadings are considered more liberally, however inartfully pleaded, than those penned and filed by an attorney. *See Erickson v. Pardus*, 551 U.S. 89,· 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Proverb v. O'Mara*, 2009 WL 368617 (D.N.H. Feb. 13, 2009). Notwithstanding such license, petitioner's pro se status does not excuse him from complying with both procedural ·and substantive law. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir.1997).

### II.

Petitioner loosely argues four issues in this latest collateral attack on his sentence. He alleges actual innocence, that his conviction and sentence violated his right to Due Process, ineffective assistance of counsel, and that his conviction was obtained by collusion between the prosecutor and defense attorney since exculpatory evidence was hidden from the jury by them.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. Title 28 U.S.C. § 2255(e).

Under this clause, a petitioner can resort to a habeas corpus petition under section 2241 in lieu of section 2255 if the remedy provided by such section "is inadequate or ineffective to test the legality of his detention." 28 ·U.S.C. § 2255(e); *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir.2011); *Sustache–Rivera v. United States*, 221 F.3d 8, 15 (1st Cir.2000).

6. In the body of the motion, where the court form asks for information related to a second motion, petition or application, petitioner notes "Now Amended." (Docket No. 1 at 3).

7. It appears that petitioner was then imprisoned in United States Penitentiary Leavenworth, located in Leavenworth, Kansas. (Docket No. 1).

8. Section 2255 establishes the procedure and the requirements for a federal prisoner to file a motion to attack his sentence. Since section 2255 is the exclusive relief for a prisoner serving a federal sentence, the rule is that a federal prisoner is not allowed to file a writ of ·habeas corpus under 28 U.S.C. § 2241 (for example, the action filed in Kansas) to attack the sentence imposed upon him, but rather should file a ·petition pursuant to section 2255. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir.2000); *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir.1990). Section 2255(e) specifies:

9. Petitioner makes reference to the "28 U.S.C. § 2241 'Savings Clause' " action in his latest petition. (Docket No. 10.)

(Docket No. 1 at 4.) He stresses that the co-defendant acted on his own and that Counts One and Counts Two were completed by that defendant, not by himself. (Docket No. 1 at 4.) Within this argument is mentioned the lack of DNA evidence to show his active participation in the criminal acts. *Id.* at 5. He alleges that he is actually innocent since the co-defendant acted on his own and that petitioner did not knowingly participate in the crimes limned in court since he "entered the car after the crime was completed, unknowingly". *Id.* Petitioner also alleges ineffective assistance of counsel, relying on *Glover v. United States*, 531 U.S. 198, 202, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001), but omitting any development of an argument beyond rote reliance.[10] Petitioner argues that appellate counsel failed to address any Guideline enhancements under U.S.S.G. § 1B1.10. (Docket No. 1 at 5.) Petitioner separately alleges actual and factual innocence of the weapons charge since he was an unknowing participant, entering the car after the carjacking was completed. *Id.* at 4. He also argues that there was a lesser included offense triggering double jeopardy. (Docket No. 1 at 7.) Petitioner draws a distinction between possession of a firearm and using and carrying a firearm, citing *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)[11] and *Watson v. United States*, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007)[12].

Petitioner argues that possession of a firearm is not a violation of use and carry under 18 U.S.C. § 924(c), and that they are two separate and distinct offenses. (Docket No. 1 at 7.) Petitioner argues that appellate counsel was ineffective because he failed to raise these issues on appeal. *Id.* He also claims that since circuit law foreclosed this claim prior to *Bousley* and *Jones*, this is therefore a case of first impression of actual innocence. (Docket No. 1 at 8.) Petitioner states that the reason the ineffective counsel grounds were not presented before this motion is due to the applicability of *Glover*.

The government filed a terse response on January 12, 2012. (Docket No. 5.) The government primarily notes that since petitioner's motion is a time-barred second successive petition for which approval has not been sought from the court of appeals, summary dismissal is appropriate.[13] The

---

**10.** *Glover* discusses whether a 6–21 month increase in sentence can be a predicate for the prejudice prong of *Strickland*. Since I will decide that there is no foundation for a *Strickland* violation, to entertain the prejudice prong of *Strickland* in a vacuum is excessive waste. Petitioner's ultimate sentence cannot be traced to any poor argument, or conduct of defense counsel in relation to the same. *See Glover v. United States*, 531 U.S. at 204, 121 S.Ct. 696.

**11.** In *Bousley v. United States*, 523 U.S. at 623, 118 S.Ct. 1604, the Supreme Court explained that, " '[t]o establish actual innocence, petitioner must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him'." *Lorentsen v. Hood*, 223 F.3d at 954. Petitioner must show that the evidence against him was weak, and so weak that no reasonable juror would have convicted him. *Id. citing Dejan v. United States*, 208 F.3d 682, 686 (8th Cir.2000).

**12.** The court resolved a conflict among the circuits on whether a person "uses" a firearm within the meaning of 18 U.S.C. § 924(c)(1)(A) when he trades narcotics to obtain a gun. *Watson v. United States*, 552 U.S. at 83, 128 S.Ct. 579. *A fortiori*, the holding of the court is narrow in any prospective application and does not help petitioner. *See United States v. Gurka*, 605 F.3d 40, 43–45 (1st Cir.2010), citing *United States v. Doody*, 600 F.3d 752, 754–56 (7th Cir.2010).

**13.** The current 2255 motion was filed over eight years and six months after *certiorari* was denied as to the first 2255 motion.

government also notes that any reliance on Fed.R.Civ.P. 15(c) is misplaced since the present claims do not relate back to the original claims and to allow them would defeat the purpose of the statute of limitations. Finally the government notes that the arguments are presented in a perfunctory manner and are undeveloped, thus welcoming dismissal. (Docket No. 5 at 4.)

With this extensive procedural history in mind, I address the matters raised by petitioner.

### III

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255(a); *Hill v. United States,* 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States,* 134 F.3d 470, 474 (1st Cir.1998). The burden is on the petitioner to show his or her entitlement to relief under section 2255, *David v. United States,* 134 F.3d at 474, including his or her entitlement to an evidentiary hearing. *Cody v. United States,* 249 F.3d 47, 54 (1st Cir.2001) (quoting *United States v. McGill,* 11 F.3d 223, 225 (1st Cir.1993)). Petitioner has not in so many words sought an evidentiary hearing, but rather requests any other relief to which he may be entitled. (Docket No. 1 at 13.) His preferred relief is that the court declare that he was denied Due Process by ineffective counsel, and order his release forthwith. *Id.* Nevertheless, it has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to

the alleged facts by the files and records of the case." *United States v. McGill,* 11 F.3d at 226 (quoting *Moran v. Hogan,* 494 F.2d 1220, 1222 (1st Cir.1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.' '" *United States v. McGill,* 11 F.3d at 226 (quoting *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir.1984)); *Barreto–Rivera v. United States,* 887 F.Supp.2d 347, 357–58 (D.P.R.2012).

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

"In all criminal prosecutions, the accused shall enjoy the right to ... the Assistance of Counsel for his defence." U.S. Const. amend. 6. To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052. "This inquiry involves a two-part test." *Rosado v. Allen,* 482 F.Supp.2d 94, 101 (D.Mass.2007). "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' " *Id.* (quoting *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. 2052.) "This evaluation of counsel's performance 'demands a fairly tolerant approach.' " *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *Scarpa v. Dubois,* 38 F.3d 1, 8 (1st Cir.1994)). "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.' " *Rosado v. Allen,* 482

F.Supp.2d at 101 (quoting *United States v. Natanel,* 938 F.2d 302, 309 (1st Cir.1991)). The test includes a " 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *Smullen v. United States,* 94 F.3d 20, 23 (1st Cir.1996) (quoting *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052); *Perocier–Morales v. United States,* 887 F.Supp.2d 399, 414–16 (D.P.R. 2012). "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ' " *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *Scarpa v. Dubois,* 38 F.3d at 8) (quoting *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. 2052); *see Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 1482, 176 L.Ed.2d 284 (2010) (quoting *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. 2052): *Argencourt v. United States,* 78 F.3d 14, 16 (1st Cir.1996); *Scarpa v. Dubois,* 38 F.3d at 8; *López–Nieves v. United States,* 917 F.2d 645, 648 (1st Cir.1990) (citing *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052); *De–La–Cruz v. United States,* 865 F.Supp.2d 156, 166 (D.P.R.2012). However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Argencourt v. United States,* 78 F.3d at 16 (quoting *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. 2052). Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the facts of the case, the trial transcript, the exhibits, and the applicable substantive law.' " *Rosado v. Allen,* 482 F.Supp.2d at 101 (quoting *Scarpa v. Dubois,* 38 F.3d at 15). The defendant bears the burden of proof for both elements of the test. *Cirilo–Muñoz v. United States,*

404 F.3d at 530, (citing *Scarpa v. Dubois,* 38 F.3d at 8–9); *Espinal–Gutierrez v. United States,* 887 F.Supp.2d 361, 374–75 (D.P.R.2012).

## B. SECTION 2255 AND FED. R. CIV. P. 15(c)

Petition has filed what he considers an amended 2255 motion, relating back to the original 2255 motion which was denied, which denial became final after the denial of a petition for a writ of certiorari on January 21, 2003. *See Gonzalez v. Thaler,* —— U.S. ——, 132 S.Ct. 641, 653, 181 L.Ed.2d 619 (2012); *In re Smith,* 436 F.3d 9, 10 (1st Cir.2006). Thus, the judgment of denial has been final for over nine years. While it is true that Fed.R.Civ.P. 15(c)(1) allows for amendment when "it relates back to the date of the original [petition]", it is also true that an amendment of a § 2255 petition is not allowed after judgment has been rendered and while the judgment still remains in force. *DiNovo v. United States,* 585 F.Supp.2d 168, 170 (D.Mass.2008), citing *Berthoff v. United States,* 140 F.Supp.2d 50, 58 (D.Mass. 2001); *Coneo–Guerrero v. United States,* 142 F.Supp.2d 170, 181–182 (D.P.R.2001); *Vega–Figueroa v. United States,* 206 F.R.D. 524, 525 n. 1 (D.P.R.2002); *also see Berthoff v. United States,* 308 F.3d 124, 129 (1st Cir.2002). In any event, since not only a responsive pleading, but also a judgment have been rendered in his original request, petitioner would have had to seek leave of court to amend his pleading, something which he did not do. *See Federal Rule of Civil Procedure 15(a)(2); Vega–Figueroa v. United States,* 206 F.R.D. 524 (D.P.R.2002.)

Petitioner appears to attribute controlling portent to *Mayle v. Felix,* 545 U.S. 644, 657, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005) in relation to his amended 2255 petition. *See Turner v. United States,* 699 F.3d 578, 587–88 (1st Cir.2012); *United*

*States v. Ciampi*, 419 F.3d 20, 23–24 (1st Cir.2005). The relation back provision in habeas petitions is strictly construed. *Turner v. United States*, 699 F.3d at 585–86. The short answer to petitioner's argument is that in *Mayle*, as in similar cases cited for the relation-back proposition, the 2255 petition was yet pending in the district court and no final judgment had been entered. The judgment entered denying the original 2255 petition remains in force. With the ethereal argument presented by petitioner, an abortive *Rule 60(b)* motion would have been the proper vehicle to attack the final judgment in force. *See* Fed.R.Civ.P. 60(b)[14]. But even then, petitioner would fail, and any motion for relief from judgment would be treated as a second or successive habeas petition under the circumstances. *See Munoz v. United States*, 331 F.3d 151, 152–53 (1st Cir.2003); *also see Rodwell v. Pepe*, 324 F.3d 66, 67 (1st Cir.2003). This is therefore a successive 2255 motion attempting to latch on to an eleven-year old 2255 motion, regardless of the affixed nomenclature of relation back which the petition bears. Confronted with argument which contain nothing more than hope, the court clearly must carry out its sentry duty, as it did, for example, in *Trenkler v. United States*, 536 F.3d 85, 97–99 (1st Cir.2008), and be guided by the precept that substance trumps form. *Id.* at 97. Indeed, Trenkler's prolixity is similar to that of petitioner, and that case is not only convincing but controlling. *Id.* at 98. Federal Rule of Civil Procedure 15(c)(1) does not apply. This is one more section 2255 motion.

## C. SUCCESSIVE 2255 MOTION

Congress has established limitations and requirements in order to file a motion under section 2255. For example, in 1996 Congress amended section 2255, imposing more restrictions upon petitioners seeking relief under such section. The last paragraph of section 2255 now reads:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2255(h).

It is then settled that before submitting a second or successive petition under section 2255, it is necessary to obtain the proper certification from the court of appeals, pursuant to section 2244, "authorizing the district court to consider the [section 2255] application." 28 U.S.C. § 2244(b)(3)(A); *In re Goddard*, 170 F.3d 435, 436 (4th Cir.1999); *see Cintron–Caraballo v. United States*, 865 F.Supp.2d 191, 196–197 (D.P.R.2012). Absent the proper certification from the court of appeals, the district court is without jurisdiction and therefore precluded from entertaining a section 2255 application. *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Coplin–Bratini v. United States*, 2009 WL 605758 (D.P.R.2009), citing *Trenkler v. United States*, 536 F.3d 85 (1st Cir.2008). If a circuit court, upon request, determines that there is something unusual in a second or successive request to merit further

---

**14.** Motions under § 2255 have often been construed as civil actions, much like habeas corpus proceedings. *See Heflin v. United States*, 358 U.S. 415, 418 n. 7, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), cited in *Rogers v. United States*, 180 F.3d 349, 352 n. 3 (1st Cir.1999).

inquiry, it can grant the application and refer it to the district court. *See e.g. MorenoMorales v. United States*, 334 F.3d 140, 145 (1st Cir.2003).

The present petition is clearly such a second or successive 2255 motion. Since it is a successive petition, petitioner should have requested the authorization of the court of appeals before filing the present petition in the district court. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner has not requested the court of appeals' authorization. Since it is from the order of the court of appeals that this court acquires jurisdiction to entertain second or successive petitions under section 2255, the district court is precluded from considering such petition absent the abovementioned authorization. *United States v. Key*, 205 F.3d at 774. However, the inquiry does not end here.

## D. DISMISSAL vs. TRANSFER

The final issue in the successive 2255 dilemma is whether the petition should be dismissed or transferred to the court of appeals to be considered in such court as a request for authorization to file a second petition under section 2255. Various circuits have endorsed or mandated the practice of transferring the case to the court of appeals under 28 U.S.C. § 1631, for the petition to be considered in such forum as a request for authorization to file their section 2255 petition in the district court. *In re Green*, 215 F.3d 1195, 1196 (11th Cir.2000); *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir.2000); *Corrao v. United States*, 152 F.3d 188, 190 (2nd Cir.1998); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997). The First Circuit Court of Appeals has endorsed the dismissal without prejudice of a section 2255 petition that does not have the proper certification of approval from the court of appeals. *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir.1997); *Ellis v. United States*, 446 F.Supp.2d 1, 3

(D.Mass.2006). Nevertheless, before dismissing such a petition for failure to obtain the approval of the court of appeals, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d at 1150; *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir.1999); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)(discussing the authority to transfer to a court of appeals under 28 U.S.C. § 1631); *United States v. Caribe–Garcia*, 711 F.Supp.2d 225, 227–228 (D.P.R.2010). As I consider the merits of the instant petition, I am convinced in this case that petitioner's request for relief lacks merit, and consequently should be dismissed, not transferred. *Cf.* 28 U.S.C. § 1631.

## E. ACTUAL INNOCENCE

A petitioner can avoid the procedural bar that can come upon successive or abusive petitions by demonstrating that it is "more likely than not that no reasonable juror would have convicted him in the light of new and reliable evidence of actual innocence." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), cited in *Parrilla–Tirado v. United States*, 445 F.Supp.2d 199, 201 (D.P.R.2006). Similarly, in *Bousley v. United States*, 523 U.S. at 623, 118 S.Ct. 1604, the Supreme Court explained that, " '[t]o establish actual innocence, petitioner must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him'." *Lorentsen v. Hood*, 223 F.3d at 954; *see Barreto–Barreto v. United States*, 551 F.3d 95, 102 (1st Cir.2008). Petitioner must show that the evidence against him was weak, and so

weak that no reasonable juror would have convicted him. *Id. citing Dejan v. United States,* 208 F.3d at 686.

The court of appeals went into great detail regarding the evidence petitioner faced against him at trial, a trial which rested to a great extent on credibility determinations, including the credibility of the petitioner's accomplice, and both victims, all intertwined and containing contradictions. The evidence showed that both men carried weapons during the first carjacking. The information provided by petitioner or lack of the same, does not provide a catalyst to entitle petitioner to an evidentiary hearing, although petitioner has now arguably found the basis for his actual innocence defense. I explain.

Communications from the Federal Bureau of Investigation dated August 17 and October 7, 1994 contains results of laboratory testing of samples related to this case. (Docket No. 1–1 at 7–10). DNA profiles were developed and no profile unlike the victim Nancy Rosado Santiago (specimen K8–liquid blood sample) were obtained from specimens Q1, Q2(semen-stained swabs) and Q4(A)(skirt) (semen was identified on the skirt). (Docket No. 1–1 at 7–8). No semen was identified on the victim's jacket, panties, T-shirt or baseball cap. (Docket No. 1–1 at 7–8).

The results of the laboratory testing are consistent with the trial testimony of petitioner's designated expert Dr. Carmen L. Cadilla–Vazquez when asked by the court about her conclusion. The witness stated "... the DNA testing does not provide evidence of DNA of Julio Ramirez being present in that sample (S, M, Q1 and Q2) or of any other person besides Nancy Rosado".

The most than can be gleaned from these test results which were obviously available at trial for use by the able defense attorney, is that the DNA tests were inconclusive. This does not provide a formidable plateau from which to launch a collateral attack on a well-sustained conviction. DNA sampling is not the be all and end all of the adversarial, truth seeking process. This scant information hardly qualifies as new and reliable evidence of actual innocence. Indeed, the reports were available at trial, subject to examination, and their contents were made known to the jury. The information alluded to fleetingly by petitioner is not new. Therefore, the procedural bar to a second or successive petition remains intact. Furthermore, globally, it is also clear that the substance of the matters considered and rejected by the court of appeals must be disregarded by this court. *See Vega–Colon v. United States,* 463 F.Supp.2d 146, 156 (D.P.R.2006). The appellate court noted that there was no error in the district court's applying a two level enhancement at sentencing for perjury. Petitioner testified at trial that he was at home watching television when the crimes were committed. Petitioner reiterated his alibi in his post-trial statement to the U.S. Probation Officer. This alibi clearly taxed the credulity of the sentencing judge. Eyewitnesses and fingerprint evidence clearly placed petitioner at the scene as an active participant. *United States v. Ramirez–Burgos,* 1997 WL 268695 at *6. Evidence of the rape, the carjackings and serious bodily injury to the first victim as the result of this joint venture is undisputed. *Ramirez–Burgos v. United States,* 313 F.3d at 30.

It is hornbook law that a prisoner may not use a section 2255 petition to relitigate questions that were raised and considered on direct appeal. *Vega–Colon v. United States,* 463 F.Supp.2d at 156, citing *Singleton v. United States,* 26 F.3d 233, 240 (1st Cir.1994) (quoting *Dirring v. United States,* 370 F.2d 862, 864 (1st Cir.1967));

Cirilo–Muñoz v. United States, 404 F.3d at 533; also see Withrow v. Williams, 507 U.S. 680, 720–21, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993); Berthoff v. United States, 308 F.3d at 127–28; Argencourt v. United States, 78 F.3d at 16 n. 1. The "actual innocence" argument is bereft of any substance beyond whimsy. The very act of presenting an actual innocence argument on collateral attack almost ten years after judgment was entered in relation to the first section 2255 petition is mind-boggling. The trial evidence was overwhelming, and contrary to such argument. See Ramirez–Burgos v. United States, 313 F.3d at 31–32.

### F. PERFUNCTORY ARGUMENT

Petitioner projects buzzwords such as actual innocence, due process, ineffective counsel, conspiracy and exculpatory evidence like so much jetsam. In an elementary attempt to develop a viable argument, petitioner includes in his petition bursts of trial testimony of his expert Dr. Carmen L. Cadilla–Vazquez making reference to blood samples of the victim, Nancy Rosado, and that petitioner's banding pattern was not present in the referred to sample. (Docket No. 1–1 at 3.) In the professional opinion of the witness, on cross-examination, the sample neither included not excluded the possibility that it was petitioner's semen sample being examined. (Docket No. 1–1 at 5.) The arguably inadequate and poor performance of his attorney did not contribute to the ultimate outcome of the criminal case. There were no errors of defense counsel that resulted in a violation of petitioner's right to adequate representation of counsel under the Sixth Amendment. Indeed, the court of appeals commented favorably on the performance of trial counsel in the cross examination of victims' identification testimony, impeachment of the codefendant's credibility, and challenging the scientific evidence. Unit-

ed States v. Ramirez–Burgos, 1997 WL 268695 at *4. There is no basis for petitioner's undeveloped argument. The argument that he had nothing to do with the crimes and inadvertently became a party to the offense post haec is part of an exculpatory story which he could have and did relate to the jury at trial. In any event, the allegation is too ethereal to weigh again, and certainly is not newly discovered evidence which when compared to other evidence, would lead to an acquittal. Again, his argument is undeveloped and conclusory. It is a settled rule that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Nikijuluw v. Gonzales, 427 F.3d 115, 120 n. 3 (1st Cir.2005); United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990); Casas v. United States, 576 F.Supp.2d 226, 234 (D.P.R.2008); Vega–Figueroa v. United States, 206 F.R.D. at 524. Petitioner offers no legal support for his raw argument. See e.g. Barreto–Barreto v. United States, 551 F.3d at 99. This is particularly true as to the argument that the prosecutor and petitioner's defense attorney conspired to violate his right to Due Process. This argument is at best conclusory and baseless, and at worst desperate.

### G. SUMMARY

In summary, there are at least six well defined reasons why the petition must be denied:

1) this is a second or successive 2255 motion, and therefore this court lacks subject matter jurisdiction to entertain it in the first instance.

2) the petition lacks even a colorable semblance of merit.

3) the court of appeals has considered all of the plausible issues raised by petitioner except for the conspiracy theory and

has decided them against him. The conspiracy theory is exactly that: an idea.

4) absent is any newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense(s).[15]

5) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,[16] that was previously unavailable, has not been presented to this court, (a court which lacks subject matter jurisdiction), for its consideration.

6) the successive motion to vacate sentence is infinitely time-barred.

## H.  CONCLUSION

On a habeas corpus petition, there is a presumption of regularity of the sentence, which the petitioner must overcome. *Espinoza v. Sabol,* 558 F.3d 83, 89–90 n. 7 (1st Cir.2009.)  That presumption has not been overcome.  Petitioner's sentence was twice corrected and twice reduced.  Petitioner has already had his "... reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *See United States v. Barrett,* 178 F.3d 34, 51 (1st Cir.1999), quoting *In re Davenport,* 147 F.3d 605, 609 (1st Cir.1998).  Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003).  Petitioner's conviction furthers such principles.

## RECOMMENDATION

In a nutshell, judgment having been long entered in a first 2255 motion, this court lacks subject matter jurisdiction over a second or successive 2255 motion, regardless of the label the motion carries.  In view of the above, I recommend that the second successive motion under Title 28 U.S.C. § 2255 be DENIED without evidentiary hearing for lack of subject matter jurisdiction.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982).  *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

At San Juan, Puerto Rico, this 26th day of November, 2012.

---

**15.**  See 28 U.S.C. § 2255(h)(1), previously § 2255 ¶ 7.

**16.**  See 28 U.S.C. § 2255(h)(2), previously § 2255 ¶ 8.